## LEE *against* WOOLSEY.

THIS was an action of tresspass, and assault and battery, tried at the *Jefferson* circuit, on the 22d of *June*, 1821, before Mr. Justice *Platt*. The plaintiff was an attorney at law, at *Sacketts Harbour*, and the defendant a post captain in the navy of the *United States*, stationed at that place. The plaintiff proved that, in *July*, 1820, the defendant met the plaintiff in the street, and said to him, " did you write that scandalous and infamous letter for *Conder*, against me, to the Secretary of the Navy ?" The plaintiff replied, " I did, but I did it as an attorney, and was paid for it." The defendant then said, " what insinuations did you throw out, yesterday, against me, when my team was passing with timber through the village ?" The plaintiff said, " not any." The defendant replied, " you lie you soundrel, you infamous puppy," and immediately drew a raw hide whip from under his coat, and beat the plaintiff on his back, shoulders, &c. The plaintiff was a slender, feeble man, and the defendant a man of great strength; and the plaintiff suffered great bodily injury from the number and severity of the blows which he received from the defendant. The defendant, in mitigation of damages, offered in evidence, a paper addressed to the Secretary of the Navy, dated *February* 1, 1820, without signature, and to prove that it

*In an action of assault and battery, the defendant cannot give in evidence, in mitigation of damages, acts or declarations of the plaintiff, at a different time, or any antecedent facts which are not fairly to be considered as part of one and the same transaction, though they may have been ever so irritating and provoking. The provocation, to entitle it to be given in evidence, in mitigation of damages, must be so recent and immediate, as to induce a presumption that the violence done, was committed under immediate influence of the feelings and passions excited by it.*

ALBANY,
January, 1822.

LEE.
v.
WOOLSEY.

had been published and circulated among the citizens of *Sacketts Harbour*, and that it came to the hands of the defendant, a few days previous to the time of the assault and battery, and that the paper was in the hand writing of the plaintiff. The defendant further offered to prove, that the day before the assault and battery took place, the defendant had made several scandalous insinuations against the defendant, as post captain in the navy, charging him with embezzling the public property, entrusted to his care ; and that the defendant had been informed of those insinuations and charges, on the evening preceding the assault of the plaintiff. This evidence was objected to, and rejected by the judge. The defendant then offered to prove that the paper so offered in evidence, was the one referred to in the conversation between the plaintiff and defendant, at the time of the assault, to show to what the conversation referred. This evidence was objected to, and rejected by the judge. The defendant then offered to prove that the denial of the plaintiff, that he made such insinuations and charges, was untrue.; but the evidence was objected to, and overruled by the judge. The jury found a verdict for the plaintiff, for 500 dollars.

A motion was made to set aside the verdict, and for a new trial.

*Storrs*, for the defendant. He cited, *Hotchkiss* v. *Lothrop.* 1 *Johns. Rep.* 286.

*Kirkland*, contra. He cited, *Avery* v. *Ray*, 1 *Mass. Rep.* 12. 2 *Comyn's Dig.* 131. 1 *Bull N. P.* 17.

SPENCER, Ch. J. delivered the opinion of the Court. The evidence offered and overruled, could neither be admitted in mitigation of damages, nor as explanatory of the transaction. The only view in which the evidence could be admissible, would be for the purpose of showing, that the defendant, under the influence of excited and irritated passions, was impelled, by a sense of the injury done to him by the plaintiff, thus to redress himself. The law, in tender-

ness to human frailties, distinguishes between an act done deliberately, and an act proceeding from sudden heat.

If, upon a sudden quarrel, two persons fight, and the one kills the other, this is manslaughter only. So, if a man be greatly provoked, as by pulling his nose, or other great indignity, and immediately kills the aggressor, though this is not excusable, the offence is a mitigated homicide; for there is no previous malice. But, in every case of homicide upon provocation, if there be a sufficient time, intervening the affront and the killing, for passion to subside, and reason to interpose, the offence becomes murder. In analogy to this principle, evidence in civil actions for assaults and batteries, in mitigation of damages, has been admitted, to show a provocation on the part of the party complaining of the injury. But, the provocation must be so recent, as to induce a fair presumption, that the violence done was committed during the continuance of the feelings and passions excited by it. On any other principle, the law would countenance the most revengeful feelings; and indirectly, also, an appeal by persons conceiving themselves injured, to force and violence. The case of *Avery* v. *Ray*, (1 *Mass. Rep.* 12.) was decided on these principles. All the Judges were opposed to the admission of evidence of a remote provocation, and confined the inquiry to an immediate antecedent one. If the defendant had been permitted to show what he offered in mitigation of damages, it would follow, that the plaintiff ought to have been allowed to show the truth of the statement contained in the letter to the Secretary of the Navy; and so, also, of the other charge; and, thus, an inquiry wholly different from the one on the record, would be gone into, diverting and distracting the attention of the jury. It appears to me, neither to comport with sound policy nor law, to allow an inquiry into antecedent facts, in such a case as this, unless they are fairly to be considered as part of one and the same transaction. A contrary course would greatly encourage breaches of the peace, personal rencounters, and every species of brutal force, and would tend to uncivilize the community.

The case of *Hotchkiss* v. *Lothrop*, (1 *Johns. Rep.* 286.) to which the defendant's counsel referred, has no bearing

on this question. The libel published by the plaintiff, was admitted in evidence as explanatory of the subject matter of the defendant's libel, and to show the occasion and intent of the publication.

Motion denied.