*May Term, 1833.*

FULLERTON
v.
WARRICK.

---

## FULLERTON v. WARRICK.

The defendant, in an action for an assault and battery, cannot prove, in mitigation of damages, that the plaintiff had previously slandered him, if there had been time, between the provocation and the assault, for deliberate reflection.

ERROR to the *Gibson* Circuit Court.

STEVENS, J.—*Fullerton* brought an action of trespass, assault and battery, against *Warrick*, in the *Gibson* Circuit Court. An issue on the plea of not guilty was joined between the parties, a jury trial had, and a verdict rendered for the plaintiff.

*Wednesday, May 29.*

May Term,
1833.

FULLERTON
v.
WARRICK.

It appears of record by a bill of exceptions, that the defendant, on the trial before the jury, was permitted by the Court to prove, in mitigation of damages, that the plaintiff had been for several years past, and up to the time of the commission of the assault and battery, in the constant habit of abusing and slandering the defendant; that about one year and a half before the trial, which was about one year before the time of committing the trespass complained of, the plaintiff said that the defendant was an unprincipled man and a liar; and that at an election for trustees of the town of *Princeton,* held several years before the time of committing the assault and battery, the plaintiff voted a ticket for trustees, in which he connected the name of the defendant with the name of a man of colour.   To the introduction of this evidence, the plaintiff objected, but the objection was overruled and the evidence went to the jury. There is no proof appearing of record, that there was any insult, abuse, or offensive language, given or used by the plaintiff at the time the trespass was committed.   The expression used in the bill of exceptions, does not sufficiently convey any such an idea.

The only question before the Court is, whether the evidence set out in the record was correctly permitted to go to the jury, in mitigation of damages?

The law, in tenderness to human frailties, distinguishes between an act done deliberately and an act proceeding from a sudden heat.   As, if upon a sudden quarrel two persons fight and the one kills the other, this has been adjudged only manslaughter.   So, if a man be greatly provoked, as by pulling his nose, or other great indignity, and immediately kills the aggressor, though this is not excusable, the offence is mitigated homicide.   But in every case of homicide upon provocation, if there be any time intervening between the insult and the killing, sufficient for passion to subside and reason to interpose, the offence becomes murder.   In analogy to this principle, evidence in civil actions for assault and battery is admitted, in mitigation of damages, to show a provocation on the part of the person complaining of the injury.   But the provocation must be so recent as to induce a fair presumption that the violence done, was committed during the continuance of the feelings and passions excited by it, before the blood has had time to cool: a different rule would greatly encourage breaches

of the peace, rencounters, and brutal force. For the purpose of illustration, we will notice two or three leading cases.

First, the case of *Avery* v. *Ray et al.* 1 Mass. Rep. 12. This was an action of trespass, assault and battery, tried on the plea of not guilty. The defendant offered to prove, in mitigation of damages, that the plaintiff reported that the sister of *Ray*, one of the defendants, had openly solicited the plaintiff to have carnal connexion with her; that *Ray* having heard that, called on him to know whether he had or had not said so, and that he refused to confess or deny it; that the defendant then told him that he would chastise him for it, and did so do; and for that chastisement the action was brought. The Court said that the admission of such evidence is contrary to all rule; that immediate provocations are admitted in mitigation of damages, but when time for reflection has intervened, so as to give the blood time to cool, they are not admitted.

Secondly, the case of *Lee* v. *Woolsey*, 19 Johns. Rep. 319. This was an action of trespass, assault and battery, also, tried on the plea of not guilty, in the month of *July*, 1820. The defendant was a post-captain in the navy, and the plaintiff was an attorney at law. On the trial, the defendant offered to prove, in mitigation of damages, that in the month of *February* preceding, the plaintiff had addressed to the secretary of the navy, a scandalous and defamatory letter respecting the defendant, charging him with having embezzled the public property under his care as a post-captain; and that that letter had been circulated among the citizens of the place where the parties resided, and had been known to the defendant only a few hours before the time of committing the violence complained of; and that at the time of committing the violence, and before the commencement of the attack, the defendant asked the plaintiff whether he was the author of that scandalous and defamatory communication or not, and he admitted that he was, but stated that he wrote it as an attorney, and was paid for it. The defendant also offered to prove, that on the day before the attack was made by him on the plaintiff, the plaintiff had made scandalous insinuations against him, respecting his having embezzled the public property. The Court said that the evidence was not admissible in mitigation of damages, there having been time between the provocations and the assault, for deliberate reflection.

We will notice one other case only, and that is the case of *Rochester* v. *Anderson*, 1 Bibb, 428. In that case the defendant offered to prove in mitigation of damages, that the plaintiff had circulated slanderous reports about him, and for that he had assaulted him. The Court refused the evidence, on account of the time which intervened between the time of giving the insult and the time of making the assault. The Court in that case says, that such opprobrious language, if used at the time of the battery, and especially if used with an intent of provoking a quarrel, would be legal·evidence in mitigation of damages; but if there have been time for deliberation, the peace of society requires that men should suppress their passions.

There is nothing upon the record before us, which authorises us to presume that the evidence in question was correctly permitted to go to the jury.

*Per Curiam.*—The judgment is reversed, and the verdict set aside, with costs. Cause remanded, &c.

· *R. Crawford*, for the plaintiff.
*S. Hall*, for the defendant.