RANKIN, Appellant, *vs.* CHARLESS, Respondent.

1. Under the code, a plaintiff is entitled to all the relief that he could formerly have obtained both from a court of law and equity upon the facts.
2. The mere fact that one proprietor, in building a house, inserts his joists in the wall of an adjoining proprietor, without license, will not authorize the interference of a court by injunction to remove the joists, although it is sufficient to entitle the party whose wall is thus used to recover damages. To obtain an injunction, he must show some special facts which entitle him to this extraordinary remedy.

*Appeal from St. Louis Court of Common Pleas.*

Civil action under the code. The plaintiff, in his petition, stated that he was the owner of a lot on the west side of Main street, in the city of St. Louis, upon which there was a four story brick building, the south wall of which was on the south line of the lot; that the defendant was the owner of an adjoining lot on the south, upon which he erected a building, the joists of which he inserted in plaintiff's south wall, without his consent, whereby plaintiff stated that his building was greatly weakened, and exposed to greater risk of injury and destruction by fire. He prayed judgment that the joists be removed, that the holes made in his wall by the insertion of the joists be filled with brick and mortar " as strongly as it may be done," and for damages for the use of his wall by the defendant, at the rate of $200 per annum.

The defendant answered, setting up a license.

There was a trial by a jury, who found the issue for the plaintiff, and assessed his damages at $164, and the monthly value at two dollars. Upon this verdict, judgment was, on the 12th of March, entered up against the defendant for the damages and monthly value. Judgment was further entered that the ends of the joists inserted in the plaintiff's building, be removed, and the holes filled with brick and mortar, as strongly as it may be done, and that the plaintiff have execution accordingly. None of the evidence introduced at the trial is preserved in the record. A motion for a new trial was overruled on the 21st of March, the plaintiff remitting a portion of the damages. On the 29th of March, the defendant obtained leave to file a motion to set aside all that part of the judgment which related to the removal of the joists, and the filling up of the holes, which motion was afterwards sustained. The plaintiff excepted and appealed to this court.

*B. B. Dayton* and *Barton Bates*, for appellant. 1. The court below erred in granting leave to the defendant to move to set aside a part of the plaintiff's judgment, after the lapse of four days from its rendition. Act concerning Practice at Law, R. C. 1845, art. 7, p. 829. However erroneous the judgment may have been, it was not irregular, so as to give the defendant five years time within which to move to set the same aside. The new code does not prescribe the time within which the motion is to be made, but leaves it to the old statute concerning practice. New Code, art. 33, sec. 5. 2. The court erred in sustaining the defendant's motion. The portion of the judgment stricken out was necessary to restore the plaintiff to such possession and enjoyment of his property as he was entitled to. By the verdict of the jury, it was judicially ascertained that the plaintiff's wall was greatly weakened, and subjected to greater risk of injury and destruction by fire, by the unauthorized act of the defendant. It is manifest that no adequate compensation for the injury complained of can be given in damages. Even if there could be, still the plaintiff was enti-

tled to the full possession and enjoyment of his property. Suppose Charless had built his wall upon the plaintiff's lot. Would it be said that the plaintiff would not have the right to be restored to the possession of his property, but would have to be content with the value of the ground, as long as the defendant might choose to use it? If it be said that the wall would belong to the plaintiff, yet he could not have it removed without the process of a court. This case can be sustained on the principle of an action of ejectment. But the plaintiff was entitled to the relief he asked on another principle. The thing complained of, is a continuing cause of annoyance and damage— a *nuisance*, within the established definition of the term, which it is within the power of the court to remove. 3 Blackstone's Comm. p. 216, 219 *et seq.* 2 Strange, 1167. 11 Mo. Rep. 518. The new code abolishes all distinctions between actions at law and suits in equity, and upon a statement of the facts which constitute his cause of action, the plaintiff is entitled, in the same action, to all the relief that could formerly have been given him by a court of law and equity upon those facts.

*C. D. Drake,* for respondent. The portion of the judgment which was stricken out was simply an injunction to remove a private nuisance. To authorize such an injunction, there must be such injury as, from its nature, is not susceptible of being adequately compensated by damages at law, or such as, from its continuance or permanent mischief, must occasion a constantly recurring grievance, which cannot be otherwise prevented, but by an injunction. 2 Story's Eq. 204. 16 Vesey, 338. 2 Eden on Injunctions, 259, note. Here, the plaintiff prayed for and obtained compensation for the defendant's use of the wall, thus showing that the injury was susceptible of being compensated by damages. The mere continuance of the joists in the plaintiff's wall is not a constantly recurring grievance, which can authorize an injunction. Nothing but the repetition of injurious acts can authorize an injunction on this ground. The motion was made in time. R. C. 1845, tit. Practice at Law, art. 7, sec. 8.

SCOTT, Judge, delivered the opinion of the court.

1. There is no evidence preserved in the record in support of the defence set up by the defendant. Consequently, no question can arise as to the right to continue the use of the wall of the plaintiff as a support for the joists of his building. The verdict establishes the fact, that the defendant has unlawfully made use of the building of the plaintiff, as a support to the joists of his house, and the only question that arises is, what remedy or judgment is warranted in law by the verdict of the jury? The present practice act having blended the jurisdiction of courts of law and equity, it would seem that the plaintiff is entitled, in this proceeding, to all the relief that would formerly have been afforded both by a court of law and equity.

2. According to the definition of a nuisance, which is said to be a wrongful act or neglect of one man, in the use or management of his land, which occasions damage to the possession or easement of his neighbor, or to a public easement, it may be questioned whether the injury complained of is a nuisance or not. Gibbon, 360. A purpresture is a species of nuisance, but that term is only applied to an encroachment on land belonging to the public. Coke, 177. But, although the act complained of may not be a technical nuisance, to be redressed by the remedies appropriated by law for that species of wrong, yet it is clearly an injury, entitling the party affected by it to an action for its redress.

The record in this case only presents the petition of the plaintiff, the answer of the defendant, and the verdict and judgment. The petition substantially alleges that the defendant, in building his house, used the wall of the plaintiff's house, (who was building simultaneously,) for a support to the joists of his building. The defence was, a license to use the wall. The verdict of the jury awarded damages to the plaintiff for the act complained of.

It seems that, in the opinion of the court below, an errone-

32—VOL. XIX.

ous judgment was entered on this verdict, and so much of it as decreed that the joists be removed from the wall, that the holes made by the insertion of the joists, be filled with brick and mortar, as strongly as it may be done, and that the plaintiff have execution against the defendant, in conformity to this judgment and decree, was stricken out, and it was thus left a judgment for the damages assessed.

Even if the injury complained of was a nuisance, yet it is well known that, in an action on the case, for such a wrong, no judgment for the abatement of it is given. That judgment was only proper in the old writ of assize of nuisance, and in a *quod permittat prosternere*. 3 Black. 219. But these ancient remedies have fallen into disuse, if they have not been abolished, and the action on the case, and the writ of injunction are now the usual remedies for a nuisance. But courts of equity do not, as a matter of course, interfere in all cases of this kind. That interposition can only be demanded to restrain irreparable mischief, or to suppress oppressive or interminable litigation, or to prevent a multiplicity of suits.

No injunction will be granted unless the act done or contemplated is, or will clearly be a nuisance. If a party sees a nuisance in progress, and does not interfere to prevent it, he will forfeit his right to assistance from a court of equity. *Jones* v. *Royal Canal Co.*, 2 Molloy, 319. *Williams* v. *Earl of Jersey*, 1 Craig & Phillips, 91. Gibbon on Nuisances, 403.

As the record is barren of all the circumstances attending this transaction, no reason is perceived why, if the extraordinary powers of a court of chancery are exerted in this case, they may not be in every complaint of a nuisance. It is allowable for a party to take the redress of wrongs of this character into his own hands. This was a case eminently proper for the exercise of such a right. Had the injury been redressed by the party at the moment it was done, the consequences would have been by no means so serious as they must be at this time, by granting the relief prayed. The injury has been

done. It cannot now be prevented. It may be redressed. Whether it would be more equitable to let it remain, and leave the plaintiff to his remedy at law, we cannot say, as the facts necessary to a determination of that question are not before us. To tear down the house of the defendant now, might look more like revenge than the legal reparation of an injury. It is no part of the business of tribunals of justice to minister to the angry passions of men. If the defendant will wantonly persist in his encroachments on the rights of the plaintiff, it is in the power of the courts of law to award such damages as will arouse him to a sense of his continued injustice.

The other judges concurring, the judgment is affirmed.