## IRELAND *v.* ELLIOTT.

Provoking and insulting language, constitute a *defence* to acts of violence, in a civil action, no more than in a criminal prosecution.

Language which, in its nature, tends generally to excite the angry passions of men, is admitted in evidence, in mitigation of damages, but never as a justification or defence, either in a civil or criminal cause.

Where it is sought in a civil action for assault and battery, to show a provocation in mitigation of damages, the provocation must have been so recent and immediate, as to induce the presumption, that the act was committed under the immediate influence of the passion thus wrongfully excited.

If an assault is committed, after time for reflection and coolness, and under circumstances leading to the presumption, that it was in revenge, the assailant stands in the position of an original trespasser, and words of provocation applied to him, will not amount to an extenuation of the offence.

The words "coward" and "cowardly" are not known in the law, and are unsuitable in an instruction to a jury.

Where in a civil action for assault and battery, the plaintiff asked the court to instruct the jury as follows: "No amount of words, will justify an assault, or an assault and battery," which the court gave, with this qualification: "This is so in criminal cases, but if the jury find in this action, that plaintiff, by abusive words and threatening conduct, brought the battery on himself, it is a defence;" and where the plaintiff asked the court to further instruct the jury as follows: "Words alone do not constitute such wrongful acts, as to justify an assault and battery," which was given by the court, with this modification: "Unless the words were such as to, (and were so intended and designed,) cause a prudent man to lose his reason for the time, and if the battery was not more excessive than the provocation. In such cases, it is a defence in a civil action for damages, provided the plaintiff was the wrong doer;" *Held,* That the instructions were improperly qualified.

Ireland v. Elliott.

*Appeal from the Henry District Court.*

FRIDAY, JANUARY 22, 1858.

This action was brought to recover damages for an assault and battery upon the plaintiff by the defendant. The jury rendered a verdict in favor of the defendant, from which the plaintiff appeals. The questions made in the case, arise upon the instructions of the court below, which will be found in the opinion of the court.

*C. Ben Darwin*, for the appellant.

No appearance for the appellee.

WOODWARD, J.—The only instructions which are, in strictness, correctly before us, are the fourth and eighth, but they are all so connected, that it becomes requisite to give somewhat of the purport of the whole. It appears that plaintiff had committed an assault and battery on one Beers, in the prosecution for which, the present defendant had acted as attorney, and had made use of language concerning the plaintiff, to which the latter took exception. In allusion to the conduct of that trial, the court instructed the jury as to their duty and rights, in case they believed the plaintiff's assault upon Beers to have been a " coward-ly" act, and in case they believed that the present defendant, whilst acting as attorney in the other cause, used such abusive language of the plaintiff as to excite his anger, and caused him to use the insulting language and actions, which resulted in the cause now complained of; and instructed, in substance, that if the defendant was thus the wrongful source of the controversy, he could not avail himself of the plaintiff's conduct as a defence ; but that, if the defendant was guilty only of an excess beyond that which the plaintiff's conduct justified, then he would be liable for the excess.

After instructions of the above tenor, the plaintiff re-

quested the court to instruct the jury, that: "No amount of words, will justify an assault, or an assault and battery," which the court gave, with the following qualification: "This is so in criminal cases, but if the jury find in this action, that Ireland, by abusive words and threatening conduct, brought the battery on himself, it is a defence." The plaintiff further requested the court to instruct the jury, that: "Words alone, do not constitute such wrongful acts, as to justify an assault and battery," which the court gave, but with this modification: "Unless the words were such as to, (and were so intended and designed,) cause a prudent man to lose his reason for the time, and if the battery was not more excessive than the provocation. In such case, it is a defence in a civil action for damages, provided the plaintiff was the wrong doer."

The time permits but a brief attention to the question here presented, and in truth, it requires but a word. Provoking and insulting language, constitute a defence to acts of violence, in a civil action, no more than in a criminal prosecution. The farthest that the law has gone, and the farthest that it can go, whilst attempting to maintain a rule, is to permit the high provocation of language, to be shown as a palliation for the acts and results of anger; that is, in legal phrase, to be shown in mitigation of damages. Thus far the law has gone and no farther. Language which, in its nature, tends generally to excite the angry passions of men, is admitted in evidence, as an extenuation, but never as a justification or defence, either in a criminal, or civil cause. But when it is sought to show a provocation, in mitigation of damages, that provocation must be so recent and immediate, as to induce a presumption that the violence was committed under the immediate influence of the passion thus wrongfully excited. 1 Greenl. Ev. section 93. If the defendant's assault was committed after time for reflection and coolness, and under circumstances leading to the presumption that it was in revenge, then he stands in the position of an original trespasser, and the words applied to him

will not amount even to an extenuation. *Lee* v. *Woolsey*, 19 Johns., 319; *Avery* v. *Ray*, 1 Mo., 12; *Barry* v. *Inglis*, Taylor (N. C.) 121; S. C. 1 Hayw., 402; *Sledge* v. *Pope*, 2 Hayw., 402; *Waters* v. *Brown*, 3 Mar., 559; *Rochester* v. *Anderson*, 1 Bibb., 428.

And it should be remarked further, that the terms "coward," and "cowardly," are not known in the law, and are unsuitable in an instruction to a jury, since the thought which they present to the mind, is entirely without definiteness and rule, but is variable in every two persons, and in every different body of men. )

The judgment of the district court is reversed, and the cause is remanded.