## SCHLOSSER *v.* FOX.

APPEAL from the *Warren* Court of Common Pleas.

PERKINS, J.—*Fox* sued *Schlosser* for an assault and battery. *Schlosser* demurred to a paragraph of the complaint, assigning for cause that it contained two causes of action. The demurrer was rightly overruled. The objection should have been taken by motion to strike out. Perk. Pr., 166.

The defendant answered by general denial, and specially, *son assault demesne*. A demurrer was sustained to the second paragraph, and rightly, because it did not show that the first assault alleged justified or excused the second, for which suit was brought. 2 Pet. Abr. 375. See 4 Ind. R. 442, and cases cited.

The defendant filed a third paragraph of his answer, setting forth that he had not been cited before the Court of conciliation. This was no bar to the suit. It might have been for a motion upon taxation of costs. Perk. Pr., p. 366.

On the trial, the defendant offered to prove, in mitigation of damages, that the plaintiff, *Fox*, had caused a prosecution for malicious mischief to be instituted (among others) against the minor son of the defendant, and that

May Term, he assaulted and beat him for so doing.  He also offered
1860.   to give the record of such prosecution in evidence.  See
THE STATE  2 Greenl. Ev., p. 69.   He also offered to prove that the
v.
CLEVINGER. plaintiff, *Fox*, had, some two or three days before the com-
mission of the assault and battery, given him, defendant,
great provocations, without specifying particularly what
they were.

The Court refused all these items of evidence.  If mat-
ter in mitigation can be given in evidence under the gene-
ral denial, we think the above described items of evidence
were rightly excluded—the first as being no matter of
mitigation; the second as being irrelevant; and the third
as being too indefinite in the offer, and probably of too
long prior occurrence.  2 Greenl. Ev., p. 70.—*Fullerton* v.
*Warrick*, 3 Blackf. 219.

In view of the facts of the case, and, as one of them,
that the damages recovered were but 35 dollars, we think
the defendant below was not seriously injured by the ex-
clusion of evidence in mitigation.

*Per Curiam.*—The judgment is affirmed with 5 per cent.
damages and costs.

*B. F. Gregory, J. Harper*, and *J. N. Brown*, for the ap-
pellant.

*R. A. Chandler*, for the appellee.