# THRALL v. KNAPP.

1. **Assault and battery: PROVOCATION.** In an action for damages for an assault and battery, all circumstances which immediately accompany and give character to the transaction are admissible in evidence for the purpose of mitigating damages.

2. —— When the provocation is not immediate, but a sufficient time elapsed for reflection and coolness, it is not admissible, even in extenuation.

3. —— In the trial of such an action, evidence is not admissible to show that statements made by the plaintiff at the time of the assault, were false, and were known by plaintiff to be false.

*Appeal from Marshall District Court.*

THURSDAY, DECEMBER 8.

ACTION FOR ASSAULT AND BATTERY. — The assault was not denied. The questions made arise upon certain evidence offered by the defendant in mitigation of damages, and overruled by the court:

1. The defendant offered to show that there was some hostility and hard feelings between the parties, previous to the assault, and also that a week *before* the assault, plaintiff had grossly and scandalously slandered the defendant's daughters, and held them up to public ridicule and contempt, and that the same came to the defendant's knowledge about three hours before the assault; and also on the day before the assault. This evidence the court excluded, the bill of exceptions reciting that "the court expressly ruled that no circumstance of provocation on the week before, or the day before the assault, or at any time other than the identical day the assault was committed, could be offered in evidence." The defendant excepted, and this is the first error assigned.

2. On the trial, the defendant was examined as a witness on his own behalf, and testified that "he (the defendant), at the time of the assault, was reading a newspaper as to politics in Connecticut, and civilly commented on its contents, whereupon the plaintiff observed that the representations in said paper were no more worthy of belief than the statements made as to a certain political meeting held in Marshall county recently; that the same was reputed to have been a big meeting, when, in fact, there were only about twenty voters present and as many boys; that thereupon defendant called the plaintiff a d—d liar; that

thereupon the plaintiff replied that the party to which defendant belonged, and the persons holding said meeting were a set of d—d bull-dogs, and you, sir, are no gentleman; that thereupon defendant assaulted the plaintiff by pushing him off of a bench, and, as he was falling, held him up by the coat, saying that he did not wish to hurt him, but he must stop such false statements."

The defendant then offered to prove, in mitigation of damages, that the plaintiff knew his declarations, in relation to the numbers who attended the meeting, to be false; that he knew it was attended by one hundred, instead of by only twenty voters; and that he knew it was held by the party to which defendant belonged. The court rejected this evidence, and the defendant excepted. This is the next error assigned.

A verdict was rendered for the plaintiff for twenty-seven dollars, and defendant's motion for a new trial being overruled, he appeals.

*Henderson & Boardman* for the appellant.

*J. H. Bradley* for the appellee.

DILLON, J. — Both assignments of error raise the same general question, viz., as to the nature of evidence which

1. ASSAULT AND BATTERY: provocation.

may be received for the purpose of *mitigating* the plaintiff's damages, in a civil action, for assault and battery. The rules of law on this subject are well settled, and the only difficulty consists in their proper application to individual cases.

Thus, the law always, and most properly, admits in evidence all of the circumstances which immediately accompany and give character to the transaction. Therefore, *immediate* provocations, *i. e.*, such as happen *at the time* of the assault, or *so recently* before it as to induce the presumption that the violence was committed under the

immediate and continuing influence of the passion thus wrongfully excited, are received not to defeat, but to reduce the amount of the plaintiff's recovery. But if the defendant's assault was committed after time for reflection and coolness, and in revenge, he is an original trespasser, and insulting words will not, in such a case, amount even to an extenuation.

These general principles are well and clearly stated in *Ireland* v. *Elliott*, 5 Iowa, 478, and their correctness is not questioned in the full and ingenious argument of the appellant's counsel. The clear distinction is this, *contemporaneous* provocations of words or acts are admissible, but *previous* provocations are not. And the test is, whether "the blood has had time to cool." *Cushman* v. *Waddell*, 1 Bald. C. C. R., 57; *Fullerton* v. *Warrick*, 3 Blackf., 219; *Avery* v. *Ray*, 1 Mass., 12; *Ireland* v. *Elliott, supra; Lee* v. *Woolsey*, 19 Johns., 319.

Applying these principles to the facts in the case at bar, it seems clear that the action of the court below in rejecting evidence of the plaintiff's slanderous words concerning the defendant's daughters was correct. The bill of exceptions shows that this was not the occasion or cause of the assault. It does not appear ever to have been alluded to at the time of the assault. If the defendant, upon receiving intelligence that the plaintiff had publicly defamed his daughters, had immediately proceeded to the plaintiff, and, while laboring under the incitement and provocation thus superinduced, had assaulted him, the evidence would unquestionably have been proper. But such are not the facts. This case is very similar to the early and leading American case on this subject of *Avery* v. *Ray* (A. D. 1804), 1 Mass., 12, where the defendant offered to prove in mitigation that the plaintiff had caused a most scandalous report to be circulated about defendant's sister; that plaintiff refused to acknowledge or deny the charge, whereupon defendant informed him that

he would chastise him, which he afterward did. *At the time* of the battery, nothing was said about the slanderous charges. The court unanimously rejected the evidence, SEDGWICK, J., observing, "that he should be in favor of admitting evidence of provocation in mitigation of damages on a liberal scale; but to admit such evidence, when the blood has had time to cool, would be extending the rule so as to render it impossible to say where the court should stop." We refer to this case because of its applicability, and because it has often been expressly recognized and followed. *Matthews* v. *Terry*, 10 Conn., 455; *Fullerton* v. *Warrick*, 3 Blackf., 219; *Lee* v. *Woolsey*, 19 Johns., 319; *Anderson* v. *Johnson*, 3 Har. & J., 162.

These rules are founded upon a sound and enlightened public policy, which discountenances the entertaining of revengeful feelings, breaches of the public peace, and the taking by individuals of the law into their own hands and administering a species of rude, dangerous and barbarous justice by force and violence. The law affords a redress for every injury. If the plaintiff slandered defendant's daughters, it would entirely accord with his natural feelings to chastise him; but the policy of the law is against his right to do so, especially after time for reflection. It affords a peaceful remedy. On the other hand, the law so completely disfavors violence, and so jealously guards alike individual rights and the public peace that "if a man gives another a cuff on the ear, though it cost him nothing, no, not so much as a little *diachylon*, yet he shall have his action." Per Lord HOLT, 2 Ld. Raym., 955.

Nor was there any error in the action of the court in refusing to allow the defendant to show the numbers who attended the mass meeting, and that the plaintiff knew his statements were false. The court allowed all that the parties said about it at the time of the assault to be shown to the jury. It was proved to the jury that the defendant, at

the time of the assault, claimed that plaintiff's statements were false.   If the court had allowed defendant to give evidence of the numbers who attended the meeting, and the plaintiff's knowledge thereof, the plaintiff would certainly be entitled to produce counter evidence on the same subject, "and thus," in the language of Chief Justice SPENCER, in *Lee* v. *Woolsey, supra,* in which this precise point arose, " an inquiry wholly different from the one on record would be gone into, diverting and distracting the attention of the jury." *Lee* v. *Woolsey,* 19 Johns., 321.   See, also, on this point, *Avery* v. *Ray, supra; Anderson* v. *Johnson,* 3 H. & J., 162; and the cases last above cited.

Affirmed.