Battle, J.
 

 The testimony offered by the defendants to prove in mitigation of damages that about two weeks previous to the battery complained of, the plaintiff had assaulted and beaten the defendant William H. Crawford, was properly rejected. It is well settled that though a provocation, which is calculated to excite the passions, may be given in evidence for such a purpose, yet it must be a provocation so recent and immediate as to induce the presumption that the violence done was committed under the influence of the feelings and passions excited by it.
 
 Lee
 
 v.
 
 Woolsey,
 
 19 John., 319; Sedgewick on Damages, 555; or, as was said in the case of
 
 Barry
 
 v.
 
 Ingles,
 
 2 Hay., 102, S. C. Tay., 121, “ Such things ought not to be considered as alleviating the offense of falling upon the plaintiff at a subsequent late period, after there was time for the passions to cool and the defendant’s action to be guided by reflection.” The true principle thus appears to be that an excessive assault and battery may be mitigated when it proceeds from the passion of anger justly excited by an immediate provocation, but not when it is prompted by malice or revenge. The same principle has been applied in an action of slander, to prevent the defendant from proving in mitigation of damages that, previous to the speaking of the words, the plaintiff was in the habit of vilifying and abusing the defendant.
 
 Goodbread
 
 v.
 
 Ledbetter,
 
 1. Dev. & Bat., 12. And we think it ap
 
 *345
 
 plies also to the testimony which was offered by the defendants in the present case to prove that on the forenoon of the day on which the battery was committed the plaintiff said that he intended “ to thrash” the defendant William. That threat, though communicated to the defendant during the forenoon of the same day, could not have moved a man to Commit so deliberate and cruel an assault and battery, unless actuated by a feeling of deadly revenge. Had the passion of anger only been excited, the interval of five or six hours between the threat and the violence, afforded ample time for the passions to subside and reason to resume her sway.
 

 The defendants had the benefit of the Judge’s charge in favor of allowing them, in mitigation of the claim for punitory damages, the amount of the fine and costs which they had paid upon the indictment; but there was not the slightest foundation for allowing the sum which they paid into court in the civil suit. The rule in relation to the payment of money into court does not apply to an action of tort, unless given by statute. See the authorities referred to by the plaintiff’s counsel, 3 Chit. Gen. Prac., 68, and 9 Bacon Ab,,
 
 “ Tender
 
 and bringing money into court, 8, in action of Trespass,” p. 558. In this State it was said, in
 
 Governor
 
 v. Sutton, 4 Dev. & Bat., 484, that the general rule is, that money may be paid into court when the action is brought for a sum certain, or capable of being ascertained by computation, but not in an action for general damages. For this is cited
 
 Kallett
 
 v.
 
 East India Company,
 
 2 Burr, 1120;
 
 Salt
 
 v.
 
 Salt,
 
 8 T. R., 47;
 
 Birks
 
 v.
 
 Trippet,
 
 1 Wms’. Saund., 33, nn. We have no statute to authorize it in an action of trespass
 
 vi et armis
 
 for an assault and battery; and it was, therefore, properly rejected in the Superior Court.
 

 There is no error in the record, and the judgment must be affirmed.
 

 Per Curiam. Judgment affirmed.