## MORELY AND WIFE VS. DUNBAR.

*Assault and Battery—Damages.*

1. In assault and battery, if defendant inflicted the injuries under circumstances of aggravation, insult or cruelty on his part, with vindictiveness or malice, exemplary damages may be given.
2. Malicious misconduct of the assailed, at the time, provoking the injury, may be considered for the purpose of reducing not only the *punitive,* but also the *compensatory* damages.
3. But it was not error to refuse an instruction to this effect, when the only conduct of the assailed proven was, that she was found on defendant's uninclosed land, picking berries.

APPEAL from the Circuit Court for *Green* County.

The plaintiff *Mrs. Morely*, being engaged in picking blackberries in a grove upon defendant's premises, was ordered off the premises by defendant, who kicked her and struck her with a stick, besides pursuing her with oaths, and with threatening and indecent language. The action was brought for damages, and the complaint avers that said plaintiff, in consequence of such kicking and striking, "has been disabled, lame and sore, and has ever since suffered great pain and anguish, and been prevented thereby from assisting her husband, and attending to the family," etc. The answer alleges that *Mrs. Morely*, after being ordered to quit defendant's premises, refused to do so, and continued picking his berries; and that defendant, after such refusal, "did gently, and using no more force than was necessary, eject said plaintiff from the premises, as he lawfully might," which was the grievance complained of.

It appears that the premises in question were not fenced; but defendant testified that the boundary was indicated by a line of rails. As to the fact of the kicking and striking, there was no conflict of evidence, but only as to the severity of it. Plaintiff's evidence tended to show that *Mrs. Morely* started to leave the premises

immediately upon being ordered to do so ; while defend-
ant testified in his own behalf, that she continued gath-
ering his fruit for nearly a quarter of an hour after he
first ordered her off. Defendant offered to prove that,
during that season, he had made strenuous efforts to
keep people off his lands, and had instituted prosecu-
tions for that purpose, which matters were of public
notoriety, and that one of the plaintiff's witnesses had
actual notice thereof. He also offered to prove, by a
certain witness, that these berries were valuable, and
that said witness had picked berries there on shares,
"and that it was a common rumor there that the public
had as much right to gather those berries as the defend-
ant." This evidence was all ruled out.

The court instructed the jury that, "if, after defendant
had ordered or requested *Mrs. Morely* to leave his
premises, she refused or neglected to do so within a
reasonable time, he had a right to use all necessary force
to eject her therefrom. But, if he resorted to force to
eject her, without giving her a reasonable time to leave,
or if he used more force than was necessary for that pur-
pose, he is liable to respond to plaintiffs in damages in
this action. What is such reasonable time, or what
amount of force was necessary to eject *Mrs. Morely*, if
defendant was justified by the circumstances in resorting
to force at all, are questions of fact to be decided by you
from the evidence. If plaintiffs are entitled to recover
any thing in this action, they are entitled to recover, 1.
Reasonable damages for any loss of health or bodily
suffering caused by the personal injuries inflicted, *and
for the personal indignity and insult to her*. These
are what the law terms actual damages. If defendant
inflicted the injuries complained of upon the person of
*Mrs. Morely*, under circumstances of aggravation, insult
or cruelty, with vindictiveness and malice, you are
authorized to impose damages over and above actual
damages, as a punishment to defendant for his conduct,

and as a warning and example to him and others. In deciding whether this is a proper case for exemplary damages, and what such damages shall be, you will take into consideration all the facts and circumstances surrounding the case. That *Mrs. Morely* was upon defendant's premises, gathering his berries, is one of these facts ; and, if you are satisfied from the evidence, that she, by word or act, provoked defendant to commit the injuries upon her, this is another of the facts and circumstances to be thus considered by you. All questions of fact arising in civil actions are to be decided upon a preponderance of evidence. If you are satisfied that any witness upon the trial willfully swore falsely upon a material point, you will be justified in discrediting all of the testimony of such witness *which is not corroborated by credible evidence.*" Defendant excepted specifically to the words in italics, and also excepted "to so much of said charge as was contradictory to the instructions asked" by him. The court refused to give the following instructions asked by defendant: 1. That, if *Mrs. Morely* provoked the assault by words or acts so recent as to constitute a part of the *res gestæ*, plaintiffs were not entitled to recover compensation beyond the extent of her injury. 2. That, in the case last-mentioned, "such acts and words should be considered as reducing the amount of plaintiffs' claim of damages." 3. That, in such case, plaintiffs could not recover for mental suffering resulting from the injury complained of. 4. "If the jury find that any witness knowingly swore falsely in this action in regard to one material fact, they may discredit the whole testimony of such witness. *Falsus in uno, falsus in omnibus.*" 5. "If plaintiff was a trespasser, and refused to leave at defendant's bidding, then defendant might use sufficient force to put her off the premises ; and if, after being so ordered off, plaintiff did or said any thing to provoke defendant to anger, the jury is not to nicely discriminate as to the actual amount

of force necessary to put her off the premises, and defendant is not liable for injuries so inflicted upon the plaintiff, unless they amount to a maiming or permanent injury endangering the life or limb of the plaintiff, or great bodily injury, and then plaintiff's acts are to be taken in mitigation of damages."

Verdict and judgment for plaintiffs; and defendant appealed.

*Dunwiddie & Medberry*, for appellant.

*E. T. Gardner, E. D. Gerdem* and *Charles G. Williams*, for respondent.

DIXON, C. J.    This case comes up on exceptions to portions of the charge, and to the refusal of the court to give several instructions asked by the defendant. Of the exceptions to the charge, it is enough to say that they are not well taken.    A charge more clearly and fairly stating the law of the case, could not well have been given. '

Of the instructions asked, the first and second were properly refused, because they ignored entirely the question whether the defendant was actuated by malice.    If he was, then, even if provoked, or if the plaintiff *Mrs. Morely* was a trespasser upon his lands, he might still be compelled to pay smart money.    The court charged correctly, upon this point, that, if the defendant inflicted the injuries under circumstances of aggravation, insult, or cruelty, with vindictiveness or malice, exemplary damages might be given; and that, in deciding whether it was a proper case for the imposition of such damages, and what they should be, the jury were to consider all the facts and circumstances surrounding the case, including the fact that *Mrs. Morely* was upon the defendant's premises, picking his berries; and, if they so found, also the fact that she, by word or act, provoked him to commit the injuries.

The second instruction asked is the only one about

which I have experienced any difficulty. As above stated, the court charged that if *Mrs. Morely*, by word or act, provoked the defendant to commit the injuries, it was a circumstance to be considered by the jury in determining whether exemplary damages should be given, and the amount of such damages. This request, as I understand it, was to the effect that the same circumstance might be considered in fixing the amount of actual or compensatory damages which should be recovered by the plaintiffs, and that such damages might be reduced by reason of such provocation. I was, at first, strongly inclined to the opinion that the refusal of this request was error, for which the judgment should be reversed. For I think, notwithstanding what was said in *Birchard v. Booth*, 4 Wis. 75, 76, that circumstances of provocation attending the transaction, or so recent as to constitute a part of the *res gestæ*, though not sufficient entirely to justify the act done, may constitute an excuse which will mitigate the actual damages; and, where the provocation is great and calculated to excite strong feelings of resentment, may reduce them to a sum which is merely nominal. This seems to follow as the necessary and logical result of the rule which permits exemplary damages to be recovered. Where motive constitutes a basis for increasing the damages of the plaintiff above those actually sustained, there it should, under proper circumstances, constitute the basis for reducing them below the same standard. If malice in the defendant is to be punished by the imposition of additional damages, or smart money, then malice on the part of the plaintiff, by which he provoked the injury complained of, should be subject to like punishment, which, in his case, can only be inflicted by withholding the damages to which he would otherwise be entitled. The law is not so one-sided as to scrutinize the motives and punish one party to the transaction for his malicious conduct, and not to punish the other for the same thing; nor so unwise as

not to make allowance for the infirmities of men, when smarting under the sting of gross and immediate provo-cation. If it were, then, as has been well said, it would frequently happen that the plaintiff would get full com-pensation for damages occasioned by himself — a result which would be contrary to every principle of reason and justice. And so I find the uninterrupted course of decisions, both in England and this country, of which I cite the following : *Robinson v. Rupert*, 23 Pa. St. 523 ; *Fraser v. Berkeley*, 7 C. & P. 621 [32 E. C. L. 558] ; *Millard v. Brown*, 35 N. Y. 297 ; *Finnerty v. Tipper*, 2 Campb. 77 ; *Avery v. Ray*, 1 Mass. 11 ; *Cushman v. Ryan*, 1 Story, 100 ; *Gaither v. Blowers*, 11 Md. 551, 552 ; *Child v. Homer*, 13 Pick. 503 ; *Keyes v. Dev-lin*, 3 E. D. Smith, 518 ; *Rochester v. Anderson*, 1 Bibb, 428 ; *Lee v. Woolsey*, 19 Johns. 319 ; *Barry v. Inglis*, Taylor (N. C.) 121 ; *Ireland v. Elliott*, 5 Iowa, 478 ; *Maynard v. Beardsley*, 7 Wend. 560 ; *Waters v. Brown*, 3 A. K. Marsh. 559 ; *Prentiss v. Shaw* (Sup. Ct. Maine), 8 Am. Law Reg. N. S. 712. I think, therefore, that the request was, in point of law, correct; and if the facts disclosed at the trial were such as to call for an instruc-tion of the kind, I should hold that it was error to refuse it. But an examination of the evidence satisfies me that there were no circumstances of provocation requiring such an instruction to be given. It was inapplicable to the facts of the case, as shown by the witnesses on both sides. No words of provocation whatever were proved. The defendant himself does not testify to any. The only circumstance which can be at all considered as of a nature to have provoked the defendant was, that *Mrs. Morely* was upon his uninclosed woodland, picking berries. Having gone there for this purpose, and being so engaged, the defendant found and ordered her away ; and as she was proceeding in obedience to his orders, and, as she testifies, as fast as she could, he pursued her for some distance to the highway, inflicting many severe injuries

upon her person with kicks and blows from a club, and then caught and scattered her berries in the road. It appears that she did not know that the premises belonged to the defendant, and had no previous notice that he objected to persons going there. The beating was most aggravated and cruel; and the presence of *Mrs. Morely* upon the land of the defendant was not a circumstance calculated to excite any peaceable or well-disposed person to such conduct. The going of people upon the wild and uninclosed lands of others for the purpose of picking berries, or in pursuit of game, and for other like objects, is common throughout the country, and is almost universally regarded as quite harmless and innocent. The defendant knew this, and that *Mrs. Morely* was but very slightly, if at all, at fault, and should have moderated his conduct accordingly. As a circumstance of provocation it was scarcely worthy of notice; and the judge went quite far enough, if not too far, when he told the jury that they might consider it by way of mitigating the punitory damages.

The third instruction asked proceeded upon an erroneous view of the law, and was rightly refused. Mental suffering, resulting from the bodily injuries complained of, is a ground for damages in actions of this kind. *Taber v. Hutson*, 5 Ind. 322; *Cox v. Vanderkleed*, 21 id. 164; *Tyler v. Pomeroy*, 8 Allen, 480; *Canning v. Williamstown*, 1 Cush. 451.

That the fourth proposed instruction was erroneous and ought not to have been given, see *Mercer v. Wright*, 3 Wis. 645.

And the fifth was not applicable and pertinent to the evidence. It assumed that *Mrs. Morely* used language to provoke the defendant to anger, of which there was no proof; and was, in other respects, incorrect.

It follows, that the judgment must be affirmed.

*By the Court.* — Judgment affirmed.