S. P. MARTIN *v.* DEWITT MINOR AND ALEXANDER MINOR.

1. ASSAULT AND BATTERY — PROVOCATION. — The general rule on the subject of provocation is, that under the general issue, the defendant, in mitigation of damages, may give in evidence a " provocation," provided it was so recent and immediate as to induce a presumption that the violence was committed under the immediate influence of the passion excited by the provocation.   2 Greenleaf's Evid., Sec. 93.

2. SAME — SAME — EXTENUATION. — What is done under the influence of passion provoked by the opposite party at the time of the assault, is proper to be considered by the jury in extenuation of the offense.   But what is done a day or two after the provocation received is not the result of that passion, but is the deliberate infliction of vengeance for an injury real or supposed.   Collins v. Todd, 17 Mo., 537; Lee v. Woolsey, 19 Johns., R., 321; Coxe v. Whiting, 9 Missouri R., 531.

ERROR to the Circuit Court of Marshall County.   Hon. OR-LANDO DAVIS, Judge.

The opinion of the court contains a sufficient statement of the case.

*Watsons & Manning,* for plaintiff in error.   Evidence of provocation in mitigation of damages or in justification of an assault, must show that it was recent, and that sufficient time from the provocation to the assault did not elapse to allow the passions excited thereby to cool.   Therefore the evidence of provocation given sometime before the assault was inadmissable and should have been excluded.   2 Greenl. Ev., 93; 33 N. J. Law, 96 ; 17 Mo., 537; 17 Iowa, 468; 5 ib., 478; 3 Cold. (Tenn.), 240.

*Featherston, Harris & Watson* and *Strickland & Foot,* for defend-

.ants in error, filed an elaborate brief contending that under the ·circumstances, the ruling of the court below on the admissability of evidence of provocation was correct. The testimony tended to show the *animus* of the parties at the time of the assault and battery by them upon Martin, the feelings by which they were prompted ; that they had been deeply and sorely wronged ; that Martin had been the seducer of their sister and the 'author of her ruin, and that by him a stigma had been cast upon the whole family. That the effect produced by the act of Martin continued with all its force in the minds of the defendants, there could be no doubt. So they acted under the influence of the passion thus excited, no matter how remote the cause, is sufficient. 2 Greenl. Ev., § 93. The proof may be made out by a train of conduct and circumstances and these circumstances must necessarily run back over a considerable period of time, embracing days, weeks and months, before the criminal conversation. 2 Greenl. Ev., §§ 51, 267. See Fraser v. Berkley, 2 M. & R., 3 ; Dolan v. Fagan, 63 Barb., 73 ; Richardson v. Northrup, 56 ib., 109 ; Stetlar v. Nellis, 60 ib., 524; Meek & Thornton v. Perry and wife, 36 Miss., 190 ; Pool v. Bridges, 4 Pick., 378 ; Allen v. Duncan, 11 ib., 309 ; 1 Greenl. Ev., 108.

PEYTON, C. J., delivered the opinion of the court:

This was an action brought by the plaintiff in error against the defendants in error, to recover damages for an assault and battery, alleged to have been committed in January, 1872. The defendants pleaded the general issue, with notice of special matter to be given in evidence, under that plea.

The cause was tried upon this issue, and the jury found for the plaintiff, and assessed his damage to five dollars. And from the judgment rendered upon this verdict, the case comes here for revision.

The first error assigned is the overruling of the plaintiff's objection to the testimony of Jennie Minor as to the paternity of her

child ; and the second and third assignments of error impeach the correctness of the action of the court in overruling the plaintiff's objection to the testimony of Alex. Minor so far as it related to the information derived from Jennie Minor as to the paternity of her child, and in overruling the plaintiff's objection to the testimony of R Huie, Charles Benton and William Cofer, tending to show the resemblance of said child to the plaintiff.

The theory of the defense in the court below, seems to have been, that the defendants acted under the influence of the pas· sions excited by the revelation made to them for the first time by their sister, Jennie Minor, on the 27th day of December, 1871, that the plaintiff was the father of her child, and that a day or two before that time, he had again made improper advances to her.

Was the testimony of these witnesses legal and proper evidence to go to the jury in mitigation of damages in this action? We think it was not.

The rule on this subject, as laid down by Greenleaf, is, that, under the general issue, the defendant, in mitigation of damages, may give in evidence a *provocation* by the plaintiff, provided it was so recent and immediate as to induce a presumption that the violence was committed under the immediate influence of the passion thus wrongfully excited by the plaintiff. The defendant in mitigation of damages may, under this issue, rely on any part of the *res gestœ.* 2 Greenleaf's Evid., sec. 93.

In the case of Collins v. Todd, 17 Missouri, 537, it was decided, in an action of trespass for an assault and battery, that evidence of abusive language towards the defendant's niece and sister, and sister-in-law, a day or two before the assault, was inadmissible in mitigation of damages. The law, out of respect to the frailty of human passions, may look with an eye of some indulgence upon the violations of good order, produced in the moment of irritation of, and excitement from, abusive language. But where there has been time for deliberation, the peace of society requires that

men should suppress their passions, and neither reason nor law will suffer them to claim a diminution of their responsibility for their misconduct. There does not seem to be the same reason for the admission of abusive language unconnected with the transaction by contiguity of time and place.

It was determined, in the case of Cox v. Whiting, 9 Missouri, 531, that in action of trespass for an assault and battery, no matter of provocation can be given in evidence, unless it be so recent as to justify a fair presumption that the violence was done under the influence of the passions excited by it. On any other principle, the law would countenance the most revengeful feelings, and indirectly, also, an appeal by persons conceiving themselves injured, to force and violence. And this is believed to be the settled law on both sides of the Atlantic. 3 Barn. & Cress., 113; and 1 Ryan and Moody, 422; Lee v. Woolsey, 19 John., 321; and Castner v. Sliker, 33 New Jersey Law Rep., 95.

What is done under the influence of passion, provoked by the opposite party at the time of the assault, is proper to be considered by the jury in extenuation of the offense. But what is done a day or two after the provocation received, is not the result of that passion, but is the deliberate infliction of vengeance for an injury real or supposed; and this spirit of retaliation, however consonant it may be to the customs of society, the law does not countenance or tolerate.

In the case of Thrall v. Knapp, 17 Iowa, 468, it was held, in an action for damages for an assault and battery, all the circumstances which immediately accompany and give character to the transaction are admissible in evidence for the purpose of mitigating damages. But when the provocation is not immediate, but a sufficient time has elapsed for reflection and deliberation and reason to resume her throne, it is not admissible even in extenuation. And the like doctrine is to be found in the case of Ireland v. Elliott, 5 Iowa, 478.

Applying these principles to the facts of the case at bar, it is

very clear that the action of the court below in admitting the testimony of Jennie Minor, Alex. Minor, R. Huie, Charles Benton and William Cofer, is erroneous.

It is assigned for error, that the court refused to give at the request of the plaintiff, the following instruction to the jury : " The law makes allowance for human frailty and passion, if a party greatly provoked resents such provocation immediately, and before there has been time for the blood to cool; still, if the party so provoked delays three or four weeks, no new provocation intervening, and then, with premeditation and deliberation, leaves his home at the dead hour of night, and travels a mile or two in pursuit of such agressor, then rousing him from his bed, takes him out and whips and beats him ; for such whipping and abuse, such previous provocation is neither a legal justification or excuse." This instruction propounds the law correctly, and should have been given to the jury.

The giving of the following instruction to the jury, at the request of the defendants, is made the subject of the fifth assignment of error: "If the jury believe from the evidence that the plaintiff did, some two or three years prior to the alleged assault and battery, seduce the sister of defendants, and by her beget a bastard child, and that a short time before the alleged assault and battery, renewed his proposals for further illicit intercourse with the sister of the defendants, and if they further believe from the evidence, that in the latter part of December, 1871, within less than one month of the alleged assault and battery, the sister of the defendants informed the defendants, for the first time, that Martin, the plaintiff, was the father of the child to which she had given birth, and that he had, within a few days prior to that time, renewed his proposals for further illicit intercourse with her, then these are facts and circumstances which the jury may properly weigh and consider in mitigation of damages." This instruction, it is believed, does not propound the law correctly, and it was error so to instruct the jury. The third instruction asked by de-

fendants, and given by the court to the jury, is in substance the same as above stated, and equally erroneous as a legal proposition, and should not have been given.

For the reasons herein stated, the judgment must be reversed, and cause remanded for a new trial.