.STAMPS v. POLK *et al.**

(Division B.    May 24, 1926.    Suggestion of Error Overruled June 15.
1926.)

[108 So. 729.    No. 25736.]

1.  ASSAULT AND BATTERY.  *If plaintiff approached defendant with men-
acing looks and drawn fists and defendant struck plaintiff to
prevent assault and only struck until he overcame threatened
assault, blows were justified.*

Where a defendant being sued for assault and battery testifies that
the plaintiff approached him with menacing looks and drawn
fists, and that he struck plaintiff to prevent an assault and
only struck until he overcame the threatened assault, such tes-
timony, if believed, justifies the blows.

2.  EVIDENCE.  *Where plaintiff suing for assault and battery was cross-
examined to test recollection as to previous occurrences, in-
cluding prior fight, and on redirect examination his attorney
went into details of prior difficulty, permitting defendant to give
his version of prior difficulty was not error.*

Where the plaintiff in such case testifies that a blow received from his adversary impaired his recollection, and he is cross-examined for the purpose of testing his recollection as to previous occurrences, including a fight prior to the giving of the blow, and on redirect examination plaintiff's attorney goes into the details of the prior difficulty, it is not error to permit the defendant to give his version of the prior difficulty.

3. APPEAL AND ERROR. *Error, if any, in instruction that jury might consider evidence of former difficulty in mitigation of damages for assault, even though they might believe defendant was aggressor, was harmless, where jury found for defendant.*

Although in a trial for assault and battery the court instructs the jury that it may consider the evidence of a former difficulty for the purpose of mitigating damages, even though the jury might believe that the defendant was the aggressor in the difficulty involved in the suit, and although such instruction was error, it becomes harmless and immaterial where the jury finds for the defendant on the question of liability.

*Corpus Juris-Cyc. References: Appeal and Error, 4CJ, p. 1046, n. 53 New; Assault and Battery, 5CJ, p. 635, n. 70; Evidence, 22CJ, p. 195, n. 3; p. 196, n. 4.

APPEAL from circuit court of Jefferson Davis county. HON. J. Q. LANGSTON, Judge.

Action by Clyde Stamps, by his father and next friend, against J. T. Polk and others for damages. Judgment for defendants, and plaintiff appeals. Affirmed.

*Livingston & Milloy,* for appellant.

The evidence in this case shows conclusively that the assault and battery committed upon the plaintiff in this case was wholly unprovoked and unjustifiable, and that the verdict of the jury in favor of the defendants was clearly against the overwhelming weight of the evidence.

The court erred in permitting the defendants on the trial to introduce any evidence whatever with reference to the fight between the plaintiff and J. T. Polk several days prior to the assault and battery complained of in the declaration. The court permitted the details of this

fight to go to the jury over the objection and exception of plaintiff and we submit that this evidence was wholly incompetent and was highly prejudicial to the plaintiff for many reasons.

(1)  The evidence was incompetent for any purpose to show a justification of the assault and battery complained of in the declaration for the reason that the law will not indulge the frailties of humanity to such an extent as to permit a person to meditate over an injury two or three days and then jump on a person without provocation and beat him up in revenge.

(2)  This evidence is prejudicial to the defendant in that the court permitted the defendant to show that J. T. Polk was a sickly man at the time the assault and battery was made upon him by the plaintiff.  This was certainly highly prejudicial to the plaintiff and we cannot account for the verdict of the jury in any other way than that this first fight caused the jury to return a verdict in favor of the defendants in this case, which was contrary to the overwhelming weight of the evidence and contrary to the law.

We submit that the instruction given the jury in this case, giving the jury the right to take into consideration the fight which occurred several days prior to the assault and battery committed upon the plaintiff in this cause might be considered by the jury in mitigation of damages, was.error.  This instruction was highly prejudicial to the defendant and, under the law, should not have been given.

That this testimony of the witnesses was not legal and proper evidence to go to the jury in mitigation of damages is conclusively settled in Mississippi by *Martin* v. *Minor et al.*, 50 Miss. 42, this case being cited by Chief Justice WHITFIELD in *Ry. Co.* v. *Harz*, 88 Miss. 681.

It is perfectly clear from the case of *Martin* v. *Minor*, *supra*, that under the general issue, the defendants in mitigation of damages may give in evidence a provocation by the plaintiff, provided it was so recent and im-

mediate as to induce presumption that the violence was committed under the immediate influence of the passion thus wrongfully excited by the plaintiff. But it is conclusively held in that case that defendant cannot offer evidence in mitigation of damages under this issue with reference to. a difficulty that occurred several days previous to the assault and battery sued. on.

*Mounger & Mounger* and *C. E. Thompson,* for appellees.

I. The question as to whether Rodney Polk provoked the assault or whether it was provoked by Clyde Stamps, whether Rodney Polk was justified in doing what he did to repel the assault of Clyde Stamps, depended upon the testimony of Miss Ida Stamps, who testified against him on one side and the testimony of himself and his father on the other, and the jury had to decide the question of his guilt or innocence upon this conflicting testimony. They decided in favor of the appellee, Rodney Polk, that he was not guilty. The record will bear us out in the contention that the jury was justified in so doing.

II. One assignment is that the court erred in permitting the appellees to introduce evidence showing the details of the fight which occurred between the appellant and the appellee, Tal Polk, several days prior to the assault and battery complained of in the declaration. Clyde Stamps, the appellant, testified that the alleged assault upon him had destroyed his memory and he claimed actual and punitive damages. The attorneys for appellees, on cross-examination of appellant, undertook to find out the nature of this alleged loss of memory, whether his memory was defective as to things which happened prior to the time of the alleged assault or whether it was confined to things which happened at the time of the assault or whether it covered the period after the alleged assault. The appellant was evasive and the examination did lead

to the question as to whether he remembered things that happened the day before the assault and in turn whether he remembered what happened the day before that, and on back to the time of the difficulty between Tal Polk and himself, and he was questioned in regard to this, but not as to any details. When counsel for appellant took the appellant in hand for redirect examination they asked the appellant to tell about the difficulty which took place between Tal Polk and himself and directed him to tell what sort of difficulty it was, and caused him to relate the details so as to represent himself as being in the right and Polk as being in the wrong. This was the first time the court permitted evidence in regard to the details of that transaction. After this, when appellee, Tal Polk, was on the stand the court permitted him to give his version of the same difficulty, but this was given in contradiction of what the appellant had stated; in contradiction of matters which appellant himself had brought out at the instance of his attorneys. Afterwards the appellant put on another witness and caused him to give his version of the details of the same affair. Mr. Livingston, attorney for appellant, directed Butler to tell how the difficulty came up and caused him to give a statement as to what took place. It is our contention, therefore, that if there was error in admitting evidence as to the details of this occurrence, the appellant cannot complain because the appellant's attorneys went into the matter of their own volition. They were the first to elicit the details and they submitted the last testimony on this point.

Under these circumstances, the question having been brought into the case by the appellant, the appellees had a right to give their version of the difficulty.

III. The assignment that the court erred in giving appellees an instruction to the effect that if they, the jury, believe from the evidence that a few days before the occurrence of the matters complained of by the appellant

in his declaration, the appellant made an assault upon Tal Polk, struck him in the face, and injured him about the face, then these were circumstances which might be considered by the jury in mitigation of damages, even though they might believe from the evidence that the assault complained of by the appellant was at the time unprovoked and unjustified, is without merit.

The jury was given clearly to understand that this instruction applied only in case the jury found against the appellees' assessed damages. If the jury had found in favor of the appellant and had assessed his damages at such a sum as to indicate that they had considered evidence in mitigation of damages, then there would be ground to complain. We insist, however, that it did not effect the case because the jury never reached the point where they had occasion to apply this instruction. The jury found that the appellees were not liable for any damages at all.

ETHRIDGE, J., delivered the opinion of the court.

Appellant was plaintiff in the court below, and sued by his father as next friend for damages for an assault upon him by appellees.

It appears that on a Saturday in a store, Rodney Polk, one of the defendants, struck the plaintiff two or three blows, when they were separated by the owner of the store. It appears also that on the Thursday preceding this difficulty the plaintiff, Stamps, had struck J. T. Polk, the father of Rodney Polk, in a difficulty on the premises of J. T. Polk. Plaintiff's version of the difficulty is that he was struck on the back of the head by some one that he did not see, that nothing was said to him, but that he was told afterwards that Rodney Polk struck him. Other witnesses for the plaintiff testified that J. T. Polk refused to interfere in the difficulty and tried to prevent the witness from interfering, and also stated that J. T. Polk subsequently stated in a drug

store that they had hemmed up Clyde Stamps in the store and given him a good beating. Defendants denied this statement and denied that J. T. Polk had anything at all to do with it. Rodney Polk testified that he knew of the previous difficulty, and when he saw his father enter the store he knew Stamps was in the store, and he went in to see that Stamps did not renew the difficulty with his father; that when he entered the store they were standing glaring at each other; that when he entered and stood by his father's side Stamps approached him in a menacing manner with his fists drawn, but that he got in the first lick and knocked Stamps to his knees, and struck a second blow to prevent his assaulting him; that his act was in self-defense.

The defendant when plaintiff was on the witness stand sought to test his recollection, which plaintiff stated was affected by the blow on his head, by asking about remembering transactions prior to the difficulty including one between Stamps and J. T. Polk. On redirect examination counsel for Stamps developed the details of the previous difficulty from Stamps' viewpoint. When defendant went upon the stand he went into details of the previous difficulty, giving a different version from that of the plaintiff.

Among other instructions the court instructed the jury for the defendant that they could consider the evidence of the former difficulty for the purpose of mitigating damages although the jury might believe that Rodney Polk was the aggressor in the difficulty. Plaintiff objected to defendants' version of the details and also to this instruction. The jury found a verdict for the defendants. The instructions for the plaintiff were elaborate, and fully covered the law applicable to the case from the plaintiff's viewpoint.

It is earnestly insisted that the instruction that the jury might consider a previous difficulty in mitigation of damages was erroneous. The case of *Martin* v. *Minor,* 50 Miss. 42, cited for the purpose of showing that this

court is aligned with those authorities which hold that the details of a difficulty when separated by sufficient time for reflection are not admissible for mitigation of damages, and this case holds to this effect. However, in this case the jury found a verdict for the defendant, and the question herein presented does not arise because of the finding for the defendants on the question of liability.

We think this is a case where the jury could have found either way on the facts, there being such a conflict as would enable them to take either view according as they believed the evidence for one side or the other. If Rodney Polk's testimony was true he had a right to anticipate his adversary's attack. The judgment of the court will therefore be affirmed.

*Affirmed.*