WILLIAM MOWRY *vs.* JAMES SMITH.

If, in an action to recover damages for an assault and battery, the defendant, for the purpose of showing provocation, has been allowed, without objection, to prove that the plaintiff had previously charged him with a crime, the admission of evidence in reply, to prove facts tending to show that such charge was true, is sufficient ground for setting aside a verdict for the plaintiff.

TORT to recover damages for an assault and battery.

At the trial in the superior court, before *Ames*, J., the committing of an assault and battery was admitted; and the defendant, for the purpose of showing provocation, introduced evidence to show that the plaintiff had charged him with attempting to pass counterfeit $500 bills at Brighton market, to which the defendant was in the habit of going. The plaintiff denied that he had made this charge, but testified that he said to the defendant, " People do say that you show bad money;" and he was allowed to testify, under objection, that he had seen the defendant frequently show his money at Brighton; that the defendant would take it out in papers, and show it, several thousand dollars at a time.

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*F. H. Dewey*, (*A. Dadmun* with him,) for the defendant.

*G. F. Hoar*, for the plaintiff.

BIGELOW, C. J. We are at a loss to understand on what ground evidence was introduced at the trial of this case to show that the plaintiff had charged the defendant with passing

counterfeit money. Unless this charge was made at the time the alleged assault was committed, and so formed part of the *res gestæ*, which does not appear by the exceptions, the evidence was clearly incompetent, even in mitigation of damages. Provocation cannot be shown unless it was so recent and immediate as to lead to the inference that the violence was committed under the direct influence of the passion wrongfully excited by the plaintiff, and before there was time or opportunity for it to cool and subside. *Avery* v. *Ray*, 1 Mass. 12. *Lee* v. *Woolsey*, 19 Johns. 319. But the introduction of this evidence was not objected to by the plaintiff at the trial. The question then arises, how far the admission of incompetent and irrelevant evidence offered by one party, to which no objection is taken, renders it competent for the opposite party to introduce evidence of a similar character. There certainly must be some limit beyond which parties cannot be permitted to go, in extending issues of fact and bringing into a case matters which have no essential bearing on its real merits. Without indicating a general rule applicable to all cases of this nature, we think it may be safely said that a party should not be allowed to go farther than to prove facts which have a direct tendency to contradict and control the irrelevant or incompetent evidence which his adversary has introduced into the case. To this extent, it may be properly held that the latter has waived the strict rule of law applicable to such evidence, and is estopped from objecting to the proof of facts, by the opposite party, which can be properly deemed to be contradictory or in rebuttal of those offered by himself. It seems to us that the plaintiff was allowed to transcend this limit at the trial, in the introduction of evidence to which the defendant objected. He was not confined to disproof of the fact that he had charged the defendant with passing counterfeit money, which was the only ground of provocation which the latter had attempted to establish. The plaintiff was allowed to go much further, and to show the distinct and independent fact that the defendant had large sums of money in his possession, which he would take out in papers and show to persons about him, to the amount of several thousand dollars at a

time.  This was an irrelevant and immaterial fact, which not only had no bearing on the true issue between the parties, but did not tend to contradict or control the evidence which the defendant had introduced in mitigation of damages.

The plaintiff's counsel suggests that the evidence to which objection was taken could have no tendency to injure the defendant, and that not being prejudiced by its admission he has no valid ground of exception.  But we cannot regard the evidence in such a light.  In connection with the alleged provocation and the testimony of the plaintiff that he had stated that people said that the defendant showed bad money, the evidence offered by the plaintiff was calculated to lead to the inference that the defendant was the possessor of counterfeit money, and thus to disparage his character, and create in the minds of the jury a prejudice against him.  *Exceptions sustained.*