## ALFRED L. MILLARD v. JEROME TRUAX.

*Assault—Evidence—Provocation—Mitigation of damages.*

1. A defendant cannot give in evidence in mitigation of damages for an assault the acts and declarations of the plaintiff at a different time, or any antecedent facts which are not fairly to be considered as part of one and the same transaction.
2. To entitle the defendant in an action for assault and battery to give evidence of provocation in mitigation of damages, the provocation must be so recent and immediate as to induce a presumption that the violence was committed under the immediate influence of the feelings and passions excited by it. *Coxe v. Whitney*, 9 Mo. 531; *Lee v. Woolsey*, 19 Johns. 319.

Error to Lenawee. (Lane, J.) Argued January 13, 1891. Decided February 6, 1891.

----

Trespass.  Defendant brings error.  Affirmed.  The facts are stated in the opinion.

*Watts & Smith* (*Robert E. Frazer,* of counsel), for appellant.

*F. B. Wood* and *J. E. Bird* (*Weaver & Bean,* of counsel), for plaintiff.

LONG, J.  This is an action of trespass for an assault and battery.  Plaintiff had verdict and judgment for $400.  Defendant brings error.

The plaintiff is 75 years of age, and an attorney at law.  He met the defendant in the hall of the courthouse in Adrian, Lenawee county, where the parties reside.  It appears that some litigation had been going on between them, and the plaintiff, on the morning of the claimed assault, accosted the defendant, and told him he had paid the money in on the decree.  Plaintiff had filed a bill to redeem from a certain mortgage, and the decree granted him the right to redeem upon the payment of a certain amount, which he had paid to the register of the court in Ingham county.  Upon being thus accosted, the defendant replied, "Yes, damn you, you have robbed me out of that farm, and, damn you, I will be revenged."  He thereupon struck the plaintiff with his fist, knocking him down, causing a severe contusion on the cheek near the eye.  This was the plaintiff's claim.  On his cross-examination he was permitted to testify that before that time he had obtained a decree against the defendant for the possession of the farm; that he was compelled to go to the court, and take proceedings to enforce it; that he made complaint against defendant for contempt of court in not obeying the

decree, and the court pronounced the defendant guilty
and committed him to jail.

The defendant was called as a witness, and testified
that he was imprisoned for such contempt for some six
months; that when he was first shut up the sheriff gave
him for a time the limits of the town. He was then
asked by his counsel:

" Q. Now, did or did not Mr. Millard come up there
and order the sheriff to shut you up entirely?
"A. He made the order, the sheriff told me. I did
not hear it, no more than the sheriff told me."

Plaintiff's counsel moved to strike this testimony out,
and it was so ordered. The following question was then
asked:

" Q. Were you shortly after that shut up and kept
confined?
"A. Yes, sir; it injured my health."

This was objected to as immaterial, and the objection
sustained. This is claimed as error. There was no excep-
tion taken to these rulings, and for that reason they can-
not now be considered; but, even if there had been proper
exceptions, the rulings were correct. Such testimony was
wholly incompetent and immaterial so far as the defense-
was concerned. It could not have been allowed even in
mitigation of damages. Its admission would rather have
tended to aggravate the damages. It was at a time long-
prior to the assault. The imprisonment itself, it appears,
was by order of the court for contempt. If the defend-
ant had been wronged by such imprisonment, he certainly
had no right to revenge it upon the person of the plaint-
iff. A defendant cannot give in evidence in mitigation
of damages for an assault the acts and declarations of the
plaintiff at a different time, or any antecedent facts which
are not fairly to be considered as part of one and the
same transaction. To entitle the defendant to give evi-

dence of provocation in mitigation of damages, the prov-
ocation must be so recent and immediate as to induce a
presumption that the violence done was committed under
the immediate influence of the feelings and passions
excited by it.   *Coxe v. Whitney,* 9 Mo. 531; *Lee v. Wool-
sey,* 19 Johns. 319.

The only other error assigned relates to the charge of
the court.   It is conceded that the court correctly stated
the rule to the jury upon the question of exemplary
damages; but it is urged that, having stated what circum-
stances would authorize exemplary damages, he should
also have stated in the same connection what circum-
stances would mitigate or reduce the exemplary damages.
No instructions to the jury were asked by the defendant,
and the attention of the court was in no way called by
counsel to any fact or circumstance which would have
mitigated the damages, and no fact or circumstance is
pointed out here, and the record does not disclose any.
It appears by the record to have been a cruel, wanton,
and malicious assault, committed without any immediate
provocation, for the purpose of revenge for some claimed
previous wrong.   It was committed upon an aged and
infirm man, who had pleasantly accosted him that morning.
We see no error in the case.

The judgment must be affirmed, with costs.

The other Justices concurred.