MILLS v. WARNER.

1. EVIDENCE—PREPONDERANCE—APPEAL AND ERROR.
    Plaintiff who appeals from an insufficient judgment is in no position to complain of the court's failure to charge fully upon the rule as to the preponderance of evidence.

2. SAME—ASSAULT AND BATTERY—PERSONAL INJURIES.
    In an action for injuries sustained in an assault committed by defendant on plaintiff, not denied by defendant, evidence tending to show that plaintiff had charged defendant with cheating prior to the assault, was immaterial.

3. SAME—IMPEACHMENT—WITNESSES.
    Nor was the testimony admissible to impeach plaintiff, who on cross-examination had denied making the charge.

4. SAME.
  Testimony concerning a controversy between plaintiff and defendant at a time preceding the alleged assault was irrelevant.

5. SAME—DAMAGES—MITIGATION—PROVOCATION OF ASSAULT.
  It was error to admit testimony to show that plaintiff had, shortly before the assault, stated to a third party, who told defendant, that defendant had stolen certain hay; such testimony was hearsay, and was too remote to be considered as provocation, nor could it be treated as in mitigation of the damages.

6. SAME—THREATS—IMPEACHMENT OF PARTY.
  Evidence of threats made by plaintiff to arrest defendant, after the time of the assault, was inadmissible on the examination of defendant's witnesses, although it was proper to show plaintiff's state of mind as a witness upon his cross-examination.

Error to Kent; McDonald, J. Submitted November 9, 1911. (Docket No. 82.) Decided December 8, 1911.

Case by Ephraim F. Mills against Charles Warner for an assault and battery. A judgment for plaintiff for less than the amount claimed is reviewed by plaintiff on writ of error. Reversed.

*Adsit & Danhof*, for appellant.

*Earl R. Stewart*, for appellee.

STONE, J. This is an action of trespass to recover damages for an assault and battery alleged to have been committed by the defendant upon the plaintiff on the 9th day of November, 1908. The plaintiff was at the time upwards of 70 years of age, and the defendant was about 40 years of age.

It was the claim of the plaintiff that on the day in question he went upon the farm of one Mrs. Tiffany for the purpose of doing some work for her, and that he there met the defendant, who was also employed on said farm, working a portion of the same on shares. An altercation took

place between the parties, the defendant charging the plaintiff with having reported the story that he had stolen some of Mrs. Tiffany's hay and other property. The plaintiff denied that he had reported any such story, and hot words were passed between the parties; and it is not denied that the defendant struck the plaintiff one or more blows in the face. The plaintiff claims to have been severely and permanently injured, that one or more of his teeth were knocked out, and that he suffered for some time thereafter from the effects of the assault and battery. Upon the same day the defendant went before a justice of the peace in the township and pleaded guilty to the charge of assault and battery upon the complaint of his own brother. He was fined $2 and $1 costs. The plaintiff, not knowing of this proceeding, made a complaint before a justice of the peace in the city of Grand Rapids, which last proceeding was dismissed by the prosecuting attorney upon learning of the former complaint. This suit was commenced by capias in the circuit court. To the declaration charging assault and battery the defendant pleaded the general issue, with notice of justification. The trial resulted in a verdict for the plaintiff in the sum of $26.25. The plaintiff has appealed.

The appellant in bringing the case into this court has failed to comply with Rule 40, in that he has failed to make a clear and concise statement of the facts distinct from the argument; and he has failed to comply with Rule 36, in that the index does not show the pages of the record where any exception relied on may be found; and neither in the assignments nor brief of appellant are we referred to the pages of the record where the exceptions to rulings of the court were taken. This has made it necessary for us to search through the entire record (which fortunately is not a large one) to find the various rulings and exceptions complained of. A motion for a new trial was made and denied by the circuit judge. One ground of the motion was that the verdict was against the evidence, and was inadequate in amount. It is only by in-

ference that that we can ascertain whether any verdict or judgment was ever rendered in the case, the appellant and appellee not agreeing as to the amount of the judgment; the former claiming that it was $25 and the latter that it was $26.25.

Complaint is made because the circuit judge did not charge more fully the rule as to the preponderance of evidence; but, as the plaintiff has obtained a verdict in the case, we cannot see how he was injured in that respect.

There are some rulings in the admission of testimony that it will be necessary for us to examine. The testimony took a very wide range upon the trial. The plaintiff was cross-examined very fully by defendant's counsel; and, among other things, as to whether he had ever reported that the defendant had cheated Mrs. Tiffany. The defendant was not content with this, but proceeded to show by other witnesses that the plaintiff had testified falsely upon this point.

The sixth assignment of error complains that the court was in error in permitting the witness Edward Spencer to testify that he heard the plaintiff say that the defendant and his father were cheating the "old lady," meaning Mrs. Tiffany. Plaintiff's counsel objected to this line of testimony as immaterial and collateral, and that defendant was bound by the statement of the plaintiff on cross-examination. He further said:

"The only issue in this action is whether an assault and battery was committed, and the question of damages, and this question that counsel is calling for is entirely immaterial and it was drawn out on cross-examination, and I object to it on that ground now, and also that it is collateral, and whatever answer the plaintiff made to that question he is bound by. That is my objection.

"*The Court:* I will overrule the objection. I think it may have some bearing, or be admitted for what bearing it might have, on the state of mind of the parties, or upon the state of mind of Mr. Mills at the time this affair took place.

"*Plaintiff's Counsel:* It was the defendant.

"*The Court:* That is the reason it might be material.

"*Plaintiff's Counsel:* If it is only for that purpose and not for the purpose of impeachment, that this is offered for impeaching testimony.

"*The Court:* If material for that purpose, it would be proper impeaching testimony. Of course, he cannot be impeached on immaterial or collateral matter, but it seems to me that this is on the condition of his mind. It is the claim of the defense that Mr. Mills was about to assault this witness, and that he struck in self-defense. Now, the feeling that Mr. Mills had toward him at that time would be material.

"*Plaintiff's Counsel:* I agree with the court, and I think for that purpose it would be material.

"*The Court:* I think I will take it.

"*Plaintiff's Counsel:* But on the other I desire to take an exception as to the impeachment."

Answer of the witness:

" This was about a month before November 9th. Mills said that Warner took more than his share of the potatoes when dividing with Mrs. Tiffany."

It seems to us that this testimony was immaterial and irrelevant in any view of the case. It was also an attempt to impeach the plaintiff upon a collateral matter; but it may be urged that plaintiff's counsel waived the force of his objection, and we should not feel justified in reversing the case on that point.

Seventh assignment of error: Upon his cross-examination the plaintiff was interrogated as to whether he had had some words with the defendant while setting up a loom or weaving machine for Mrs. Tiffany. In the direct examination of the defendant he was asked this question:

"During the time you were working for Mrs. Tiffany that summer, did you assist them in putting up the loom ?  *  *  *

" *Plaintiff's Counsel:* I would like to have this testimony taken under the objection so I will not be interrupting. I think it is immaterial.

" *The Court:* Give Mr. Danhof an exception."

The witness was then permitted to state the circumstances attending the erection of the loom. After testify-

ing to this at some length, plaintiff's counsel moved to strike out all of the testimony about the loom as immaterial. This was refused and plaintiff's counsel excepted. We think that this testimony was wholly immaterial and irrelevant, and that the court erred in not granting plaintiff's motion.

The eighth assignment of error is based upon the following: In the direct examination of the defendant the following occurred:

"*Q.* With reference to any conversation in which Mrs. Tiffany had said Mr. Mills stated that you were stealing hay—

"*Plaintiff's Counsel:* At what time, and where?

"*Defendant's Counsel:* Just a little before this trouble.

"*Mr. Danhof:* On the morning of November 9th.

"*Q.* Mrs. Tiffany ever said anything as to what Mills had said?

"*A.* Yes; she told me that Mr. Mills told her that I was taking it.

"*Plaintiff's Counsel:* If it took place before November 9th, whatever Mrs. Tiffany told before that I object to as immaterial.

"*Defendant's Counsel:* May it please the court, we maintain that we have the right to show all the surrounding circumstances.

"*The Court:* I think I understand your purpose and I think it may be taken. (Exception by plaintiff's counsel.)

"*The Court:* Taken for what bearing it may have on the question of wanton, or reckless, or malicious conduct on the part of the plaintiff, and that solely. (Exception by plaintiff's counsel.)"

We think that the admission of this testimony was erroneous. It was too remote as provocation, and could not be considered in mitigation of damages. *Millard* v. *Truax*, 84 Mich. 517 (47 N. W. 1100, 22 Am. St. Rep. 705). It was also immaterial, irrelevant, and hearsay, and we cannot say that it was not prejudicial.

The tenth assignment of error is based upon the following: A witness by the name of Burt Beach was sworn on behalf of the defense, and he testified to having met

and conversed with the plaintiff some time after the alleged assault and battery.   On his direct examination he was asked the following question:

"*Q.* I will ask you whether at that time and place the plaintiff told you that Charlie Warner hadn't got to the end of his rope yet, that he (plaintiff) had $300 or $400 to spend to put him in the cooler, and that Charlie Warner was a pauper, and that his father did not own anything, and that he was going to have him taken on what he called a 'capus'?

"*Plaintiff's Counsel:* I object to that as immaterial, and it does not tend to prove any ill feeling before this assault took place November 9th, but was subsequent thereto.   The mere fact that he commenced the suit, or that he intended to commence the suit, has no bearing whatever on the question of ill will or animus between Mr. Mills and Charlie Warner, the defendant.

"*The Court:* I think we will take it.   Answer it."

Exception by plaintiff.   The answer was:   "Yes, sir."

The eleventh assignment of error is founded upon a like question permitted to be asked of the defendant's witness Martin Warner, to which there was also an exception. We think this testimony was wholly immaterial to the issue.   It is true that the plaintiff had been cross-examined upon these subjects.   That was proper, as tending to show his condition of mind as a witness; but we think it was wholly improper to permit independent evidence of other witnesses as to statements made by the plaintiff, after the assault, that he intended to bring suit against the defendant.   In the very nature of things, the relation of the parties would at that time be more or less hostile.

The meritorious question in this case is whether the plaintiff had a cause of action against the defendant. The jury seems to have answered that in the affirmative. The probable effect of this testimony was to impress the jury with the fact that the plaintiff had malice towards the defendant when the assault was committed, and that it might be considered in mitigation of damages.   We

think that it was inadmissible, and was prejudicial. *Johnson* v. *McKee*, 27 Mich. 471; *Breitenbach* v. *Trowbridge*, 64 Mich. 393 (31 N. W. 402, 8 Am. St. Rep. 829); *Millard* v. *Truax, supra*. That this class of testimony in all probability influenced the jury in returning a small verdict is quite apparent.

We have examined the record, and find no other reversible error. For the errors pointed out, the judgment of the circuit court is reversed, and a new trial granted.

OSTRANDER, C. J., and STEERE, MOORE, and BROOKE, JJ., concurred.