## COOPER *v.* DEMBY.

### Opinion delivered February 7, 1916.

1. ASSAULT—EVIDENCE—REPUTATION OF DEFENDANT FOT PEACE AND QUIETUDE.—In an action for damages for assault, testimony as to defendant's reputation for peace and quietude, is admissible, in order to determine who was the probable aggressor, and the state of mind under which defendant committed the assault.

2. DAMAGES—CIVIL ASSAULT—PUNITIVE DAMAGES—PROVOCATION—MITIGATION.—The extent to which punitive damages may be mitigated by provocation is a question of fact to be passed upon by the jury in each particular case, and depends upon the nature and character of the provocation; if the provocation was of such a character as to make the passion irresistible, and was solely responsible for the assault, then no punitive damages should be assessed, but such provocation would not affect the compensatory damages, which include such items as loss of time, bodily suffering, impaired physical and mental powers, mutilation, disfigurement, expense of attendance and the like.

Appeal from Garland Circuit Court; *Scott Wood,* Judge; reversed.

Appellant, *pro se.*

1. The court erred in refusing to permit witnesses to testify as to the reputation of appellee as to his generally known habits, and in refusing to give instructions 1, 2, 3, 5 and 6 and in giving the peremptory instruction. The rule if a person has reason to believe and does believe that he is about to suffer great bodily injury, he is justified in resorting to violence in self-defense, though not actually in danger, is applied in civil actions for damages for assault. 76 Ind. 317; 13 Ky. Law. Rep.

927; *Ib.* 703; 91 Ill. App. 671; 26 Ky. Law. Rep. 291; 80 S. W. 1165; 83 Minn. 141; 85 N. W. 946; 67 Ark. 594-603.

2. No exemplary damages should have been allowed. 41 Ark. 295. Immediate provocation may even mitigate actual damages in cases of assault. 9 Allen 67; 100 Mass. 258; 144 *Id.* 299; Sedwick on Damages (7 ed.), vol. 2, p. 521; 45 Conn. 243; 86 N. Y. 324; 23 Penn. St. 523; 24 Wisc. 183; 27 Mich. 241. There was no evidence of malice nor of deliberate cruelty.

3. Instruction No. 4, asked by defendant should have been given as it is taken from 41 Ark. 295. The verdict was excessive. The actual damages were shown to be $50. The jury awarded $800 clearly showing that they erroneously allowed exemplary damages.

*A. J. Murphy,* for appellee.

1. The trial court's ruling, excluding testimony as to character of appellee, and his reputation, and in refusing to give instruction 1, 2, 3, 5 and 6 asked was correct. Evidence of the general character, nor of particular facts not in issue, is not competent. There is a natural presumption of peaceableness in favor of a party, and that he is a law-abiding citizen. But his reputation is not in issue in ordinary civil actions either in contract or tort. R. C. L., vol. 2, p. 575, par. 56; 4 Chamberlayne, Mod. Law of Ev., § 3283.

2. Exemplary damages were properly allowed. 8 Rul. Case Law, p. 651, section 194. When the jury found actual damages, it was within their discretion to award punitive damages. 68 Me. 287; Ann. Cases, 1913. E. 517; 30 Ark. 165; 102 *Id.* 200; 108 *Id.* 578; 111 *Id.* 87. There is no error and the judgment should be affirmed.

Smith, J. Appellee sued for and recovered damages, both compensatory and punitive, on account of an assault alleged to have been committed upon him by appellant.

According to the evidence of appellee and of the witnesses who testified in his behalf, the circumstances of the assault were such that damages, both compensatory and punitive, were properly assessed. According

to the evidence of appellant, however, and of his witnesses, the facts were that appellee grossly and wantonly insulted appellant while employed about his own business and at his own place of business, and appellant used only such force as appeared to him reasonably necessary to protect himself from a threatened assault and violence.

Appellant was not permitted to testify that appellee had the reputation of being a quarrelsome and dangerous man, and one who went armed and was known as a gun fighter, and the court refused to permit other witnesses to so testify, who were offered in appellant's behalf, and exceptions were duly saved to its ruling.

Instructions were given declaring the law applicable to appellee's right to recover compensatory damages, and no objections are now urged to these instructions.

On the question of punitive damages appellant requested an instruction numbered 4 as follows:

"You are instructed that, although you may believe the defendant was not acting in necessary self-defense, if, making due allowance for the infirmities of human temper, the defendant had a reasonable excuse arising from the provocation or fault of the plaintiff, but not sufficient to justify entirely the act done, then damages ought not to be assessed by way of punishment, and the circumstances of mitigation should be considered."

The court refused to give this instruction, but gave it in the following modified form, to which appellant duly excepted:

"If the defendant acting as a reasonable man had a reasonable excuse, arising from the provocation or fault of the plaintiff, at or immediately before the assault, then damages ought not to be assessed by way of punishment, and the circumstances of mitigation should be considered."

(1)  We think the court should have permitted appellant to prove the general reputation of appellee for peace and quietude. Such evidence was competent in determining who was probably the aggressor, and the

state of mind under which appellant committed the assault.

We think, too, appellant's instruction numbered 4 should have been given in substantially the form in which it was asked. The law in regard to the mitigation of punitive damages by provocation is stated in 8 R. C. L., p. 551, as follows:

"Provocation may be shown in mitigation of punitive damages, even to the extent of entirely excluding such damages, and limiting recovery to compensatory damages only. But provocation does not necessarily defeat exemplary damages, the better rule being that the conduct of both parties should be passed upon by the jury. There is a conflict of authority as to whether provocation may be shown in mitigation of compensatory damages, the better rule and the weight of authority supporting the rule that actual or compensatory damages are not in any case subject to mitigation by proof of mere provocation or of malice. Where proof of provocation is admissible in mitigation, generally the provocation must have been immediate, or so recent as to constitute a part of the *res gestae.*"

In support of this text the case of *Ward* v. *Blackwood*, 41 Ark. 295, is cited, and that case appears to give full support to the text quoted.

The law of this question was discussed by Mr. Justice Riddick in the case of *LeLaurin* v. *Murray,* 75 Ark. 232, in which case it was said:

"Now, it is a well settled rule of law that mere words never justify an assault, 'though, when they are such as to naturally arouse the resentment of those to whom they are addressed, they may go in mitigation of damages resulting from an assault provoked by them; but to do this they must have been uttered at the time of the assault, or so recently before that the provocation and the assault may be considered as parts of the same transaction. If sufficient time has intervened for reflection, and for reason to regain control, words, however provocative, do not in law mitigate such damages, for only provocation that is so recent as not to allow cool-

ing time is competent to mitigate damages; and even then such mitigation extends only to exemplary dam-, ages. Damages for pecuniary losses actually sustained from a wrongful assault can never be mitigated below ' adequate compensation. *Ward* v. *Blackwood,* 41 Ark. 295; *Goldsmith* v. *Joy,* 61 Ver. 488;*Prentiss* v. *Shaw,* 56 Me. 427; *Millard* v. *Truax,* 84 Mich. 517; Hale on Torts, 262.

"Provocation, so recent and immediate as to induce a presumption that the violence done was committed under the immediate and continuing influence of the feelings and passions excited thereby, may be shown in mitigation of damages. *Mowry* v. *Smith,* 91 Mass. (9 Allen) 67; *Millard* v. *Traux,* 84 Mich. 517; 3 Cyc. 1096."

In the case of *St. Louis S. W. Ry. Co.* v. *Myzell,* 87 Ark. 123, punitive damages were recovered. The evidence there was that when the passenger got off the train the auditor grabbed him by the arm and told the town marshal that he wanted him to take charge of Mizell as being drunk and disorderly on the train. The marshal asked the auditor if he had a warrant and, when told that he did not have, the matter was ended. It was shown that Mizell was drunk and had been guilty of very irritating conduct, and in holding that he could not recover punitive damages under the circumstances stated it was there said:

"The auditor's conduct was the natural, although improper, result of Myzell's insulting and inebriate behavior, but fell short of containing those elements of wantonness or wilfulness from which malice is inferred which constitutes the basis of an action for exemplary damages."

The case of *Mahoning Valley Ry. Co.* v. *Pascale,* 1 A. & E. Ann. Cas. 896, contains an extended case note in which many cases are cited, the result of these cases being summed up in the following note:

"In civil actions for damages for assault, evidence that the injuries complained of were inflicted under provocation offered by the plaintiff is admissible upon the question of the defendant's motive and the presence

of malice. The effect of the evidence may be to show that conduct on the part of the defendant, which in the absence of provocation would seem malicious, was not malicious in view of the provocation under which he acted, and in this way to mitigate or to defeat altogether the recovery of exemplary damages."

(2) The extent to which punitive damages may be mitigated by provocation is a question of fact to be passed upon by the jury in each particular case, and depends upon the nature and character of the provocation. If the provocation was of such a character as to make the passion irresistible and to be solely responsible for the assault, then no punitive damages should be assessed, but under the rule as stated in the case of LeLaurin v. Murray, supra, such provocation would not affect the compensatory damages, which damages include such items as loss of time, bodily suffering, impaired physical and mental powers, mutilation, disfigurement, expense of attendance, and the like.

In the case of Morely v. Dunbar, 24 Wis. 183, it was said:

"Where motive constitutes a basis for increasing the damages of the plaintiff above those actually sustained, there it should, under proper circumstances, constitute the basis for reducing them below the same standard. If malice in the defendant is to be punished by the imposition of additional damages, or smart money, then malice on the part of the plaintiff, by which he provoked the injury complained of, should be subject to like punishment, which, in his case, can only be inflicted by withholding the damages to which he would otherwise be entitled. The law is not so one-sided as to scrutinize the motives and punish one party to the transaction for his malicious conduct, and not to punish the other for the same thing; nor so unwise as not to make allowance for the infirmities of men, when smarting under the sting of gross and immediate provocation. If it were, then, as has been well said, it would frequently happen that the plaintiff would get full compensation for damages

occasioned by himself—a result which would be contrary to every principle of reason and justice.''

For the errors indicated the judgment will be reversed and the cause remanded.