DR. JUAN FONT SUÁREZ, demandante y apelado, *v.* DR. MIGUEL A. PASTRANA, demandado y apelante.

Núm. 10540.—*Sometido:* Febrero 5, 1952. *Resuelto:* Marzo 24, 1952.

*Luis Blanco Lugo y R. Díaz Collazo,* abogados del apelante; *Romany & Romany,* abogados del apelado.

El Juez Asociado Señor Marrero emitió la opinión del tribunal.

En acción de daños y perjuicios instada por Juan Font Suárez contra Miguel A. Pastrana el tribunal inferior, luego de celebrarse un juicio en los méritos, dictó sentencia declarando con lugar la demanda y condenando al demandado a pagar al demandante la suma de $1,000, como compensación por su humillación y sufrimientos mentales, más las costas y $200 para honorarios de abogado. Fundóse esa sentencia en opinión emitida con igual fecha, en la cual aparecen las siguientes conclusiones de hechos:

"1. Que en 4 de junio de 1950 se celebraba en el Salón de Actos del Gobierno de la Capital una Asamblea Extraordinaria del Colegio de Cirujanos Dentistas de Puerto Rico. Actuaba como presidente el Dr. José Vicente y como secretario el demandante Dr. Juan Font Suárez. Se discutía la necesidad de adquirir un edificio para la instalación del Colegio de Cirujanos Dentistas. Una directiva anterior que presidía el demandado, había comprado un solar y se trataba de dejar sin efecto esa compra y adquirir en su lugar una casa en la Avenida Nereidas de Santurce. Estaba en el uso de la palabra el Dr. Géigel, abogando por la compra de la referida casa y fué interrumpido por el demandado que le preguntó al Dr. Géigel sobre quién corría con dicha casa y entonces al contestar el Dr. Géigel que era su padre, el demandado replicó, 'nada más con el testigo'.

"2. Que entonces el Dr. Font Suárez solicitó un turno para hablar y calificó de 'impertinente' la interrupción del demandado. (El demandado y sus testigos declararon que además de 'impertinente' el demandante usó la palabra 'suciedad'). El demandante Dr. Font Suárez y su testigo Dr. Vicente, presidente del Colegio, niegan que Font Suárez usara la palabra

'suciedad' aunque admiten que Font Suárez usó la frase 'impertinente'.

"3. Que entonces el Dr. Pastrana se acercó al demandante y le dijo que le repitiera lo que había dicho, y que al hacerlo el Dr. Font Suárez, el Dr. Pastrana le agredió en la cara, teniendo en esos momentos el Dr. Font Suárez los espejuelos puestos.

"No hay cuestión alguna en cuanto a la agresión, ello aparece tanto de la prueba del demandante como del demandado; y asimismo en su contestación el demandado lo califica como un castigo 'simbólico', exponiendo también el demandado en su testimonio oral ante el tribunal, de que lo había hecho bajo el impulso del momento.

"Hay una ligera contradicción en la prueba en cuanto a las palabras usadas por el Dr. Font Suárez, por un lado, tanto el Dr. Suárez como el Dr. Vicente, testigos del demandante, declaran que la palabra usada por el primero fué 'impertinente', por otro lado dicen algunos de los testigos del demandado que fué una 'suciedad'.

"A los fines de este caso es inmaterial, ya que la responsabilidad del demandado sería la misma y a juicio del Tribunal, por lo insultante y abusiva que las palabras del Dr. Font Suárez fueran, no justificarían nunca una agresión y por consiguiente, no constituyen una defensa en este caso.

"Surge de la prueba además que en el Colegio de Cirujanos Dentistas, existían dos facciones, encontrándose demandante y demandado en lados opuestos y que las relaciones entre las mismas eran muy tirantes."

En dicha opinión aparecen asimismo las siguientes conclusiones de derecho:

"... Fué una agresión pública, en una asamblea de dentistas, el agredido tenía sus lentes puestos. La actitud del demandado fué maliciosa. Su propio testimonio, al manifestar que realizó el acometimiento con el propósito de propinar al demandante un tapaboca revela claramente su intención de vejar y humillar al demandante, públicamente, ante sus compañeros dentistas reunidos en asamblea. Profesionales se deben mutuo respeto, mayor cordura. Amplio campo hay en el terreno de las ideas para defenderlas sin necesidad de recurrir a medios denigrantes que sólo tienen por objeto, no con-

vencer sino exponer a un compañero de profesión al ridículo público. El orden público requiere que esta clase de casos no se repitan.

"La humillación sufrida por el demandante debe ser compensada y en vista de que se trata de un profesional, el Tribunal estima que la suma de MIL DOLLARS ($1,000) es una compensación justa y razonable por su humillación y sufrimientos mentales."

En apelación el demandado alega que el Tribunal de Distrito erró: (1) al negarse a determinar si medió provocación por parte del demandante; (2) al condenarle a pagar $1,000 por concepto de daños, por ser dicha suma exagerada y excesiva; y (3) al incluir en su sentencia un pronunciamiento por $200 para honorarios de abogado, sin que concluyera previamente que el demandado había sido temerario.

El tribunal inferior dijo repetidamente, como hemos visto, que si bien testigos del demandante declararon que la palabra usada por éste al calificar la pregunta héchale por el demandado al Dr. Géigel, fué la de "impertinente", sin embargo, algunos testigos del demandado dijeron que el demandante usó la palabra "suciedad" e hizo constar claramente que a los fines del caso era inmaterial determinar una cosa u otra, ya que a su juicio la responsabilidad del demandado sería la misma. Empero, no resolvió si había mediado provocación o no de parte del demandante hacia el demandado. No obstante, ello no debe dar lugar a la revocación de la sentencia apelada.

Existe conflicto de criterio respecto a si la provocación mitiga o no los daños compensatorios a ser concedidos. La mayoría de las jurisdicciones americanas, sin embargo, se pronuncia en el sentido de que tales daños no son mitigados por la provocación. 63 A.L.R. 886 y anotación a las págs. 890 y siguientes; 16 A. L. R. 755, 768 y 771; 16 Harv. L.Rev. 591; Sutherland *on Damages*, Vol. IV, Tercera Ed., pág. 3661, sec. 1255; Joyce *on Damages*, Vol. I, Ed. de

1903, pág. 431, sec. 375; Sedgwick *on Damages*, Vol. I, Novena Ed., pág. 747, sec. 384; *Restatement of the Law, Torts*, Vol. IV, pág. 622, sec. 921; *Roger* v. *Belcher*, 131 S. E. 556, 47 A. L. R. 1089; *Bond* v. *Williams*, 214 S. W. 202; *Cooper* v. *Demby*, 183 S. W. 185. Ése, a nuestro juicio, es el criterio más sabio y más correcto. Los tribunales del continente están contestes, sin embargo, en que la provocación mitiga la concesión de daños punitivos.(1) Véanse las obras y casos antes citados.

■■ En el caso que nos ocupa el tribunal inferior manifestó de manera clara que la humillación sufrida por el demandante debía ser compensada y fijó la cantidad que a su juicio era razonable para compensar tal humillación. La indemnización por daños de esta naturaleza y por los sufrimientos mentales es una de carácter compensatorio. Prosser *on Torts* (Ed. 1941) pág. 859, sec. 95; Crane, *Cases on Damages*, Ed. de 1940, pág. 64, escolio 3; 15 Am. Jur. págs. 595, 603, secciones 178 y 185; Cf. *Zalduondo* v. *Sánchez*, 15 D. P. R. 231, 236. Siendo compensatorio los daños concedidos por el tribunal inferior y no mitigando la provocación la cuantía de éstos, carece de relevancia que dicho tribunal resolviera si había habido o no provocación por parte del demandante, ya que el resultado hubiera sido el mismo.

Sin embargo, tomando en consideración todas las circunstancias concurrentes en este caso, estimamos que una indemnización de $500 por la humillación recibida es suficiente.

■■ La concesión de honorarios de abogado es imperativa en el tribunal sentenciador en aquellos casos en que a su juicio ha habido temeridad de parte de la persona contra quien se dicta la sentencia. Ley 94 de 11 de mayo de 1937, pág. 239. Aunque en la sentencia no se usa la palabra temeridad, es lógico suponer que al imponer al deman-

---

(1) Dada la conclusión a que llegamos en este caso es innecesario resolver si en Puerto Rico pueden concederse daños punitivos.

dado el pago de honorarios ello se debió a que se le había considerado temerario. Al discutir esta cuestión el apelante alega que "desde la vigencia de las Reglas de Enjuiciamiento Civil es necesaria una conclusión específica al efecto de que una parte ha sido temeraria para que pueda condenársele en honorarios". Tal conclusión está implícita en la opinión dictada. Los términos en que la misma está redactada así lo revelan.

*La sentencia apelada será modificada en el sentido de rebajar la indemnización a concederse al demandante de $1,000 a $500, y así modificada, la sentencia apelada será confirmada.*

El Juez Asociado Sr. Snyder no intervino.